# WILMA KENYON v. F. M. C. CORPORATION AND OTHERS. HAROLD FUHRMAN, d.b.a. FUHRMAN BUICK, APPELLANT.

176 N. W. (2d) 69.

March 6, 1970—No. 41917.

*Johnson, Schmidt, Thompson & Schneider* and *John C. Lindstrom,* for appellant.

*Faegre & Benson, Paul J. McGough,* and *Martin N. Burke,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Frank T. Gallagher, and Theodore B. Knudson, JJ.

ROGOSHESKE, JUSTICE.

This is an appeal from a judgment dismissing the cross-claim of appellant, Harold Fuhrman, doing business as Fuhrman Buick, seeking indemnity from respondent, F. M. C. Corporation.

The action arose out of the June 25, 1964, accident in which plaintiff, Wilma Kenyon, was injured while operating a riding-type lawn mower sold to her by Harold Fuhrman, appellant-retailer, and manufactured by respondent, F. M. C. Corporation. Plaintiff joined the manufacturer, the wholesaler, and appellant-retailer in her action for damages. The case was tried on plaintiff's theory that the negligence of each caused the accident. At the close of the evidence, the wholesaler's motion for a directed verdict was granted. The jury awarded damages of $8,000 against both appellant-retailer and respondent-manufacturer upon a special verdict finding each causally negligent. Both the retailer and the manufacturer appealed from the order denying their post-trial motions for judgment n. o. v. or a new trial. Before the appeals were argued in this court, the case was settled for $5,500, each defendant paying plaintiff $2,750. Those appeals were then dismissed, but without prejudice to the right of the retailer to pursue his claim for indemnity against the manufacturer as asserted in a cross-claim. Following a hearing on the motion for indemnity and based upon the trial record, the court denied the retailer relief, and judgment was entered dismissing

his cross-claim. This appeal is taken from the judgment.

The sole issue presented by the appeal is whether the evidence as a matter of law compelled the trial court to conclude that the retailer is entitled to indemnity from the manufacturer.

The accident arose when plaintiff, while mowing grass on level ground, completely released her foot pressure on the clutch pedal to stop the forward motion of the lawn mower, but instead of stopping, the mower continued to go forward, going over an embankment and resulting in injury to plaintiff. The forward motion of the mower is controlled by putting the transmission gearshift into a forward position and depressing the clutch pedal. Through a series of connections, depressing the clutch pedal causes an idler pulley attached to an idler arm to press against a V-belt, thereby tightening the V-belt around the transmission pulley and activating the movement of the chain-driven rear wheels. When the clutch is released, the pressure against the idler pulley is released and the V-belt slackens, thus stopping the transmission of the engine power to the rear wheels. Clearly, the evidence permitted the jury to find that the accident was caused by a malfunction of the clutch mechanism.

Upon trial, plaintiff included in her claims of negligence against the manufacturer a failure to discover and remove a sticky or tacky substance around the pivot point of the idler arm and pulley assembly, which she claimed impeded the movement away from and against the V-belt. This substance was not apparent without dismantling some part of the mower. Her claims against the retailer were a negligent failure to warn that the foot pedal was not a brake and that the drive clutch on a new unit, because of the stiffness and tacky condition of the belts, may release slowly during the break-in period; negligence in servicing prior to delivery by failure to oil the idler-arm bearings and idler pulley, which could be done without dismantling; and, finally, a negligent failure to inspect and discover the defect caused by the manufacturer's failure to remove the sticky substance on the clutch mechanism.

Appellant-retailer, however, contends that the evidence and the court's instructions permitted the jury to find only that he was negligent in failing to discover the manufacturer's negligence, and that under the rule of Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 104 N. W. (2d) 843, he is entitled to indemnity. The manufacturer contends that the jury was permitted to, and did, find the retailer guilty of independent, concurrent acts of negligence, and therefore he is entitled to no more than contribution.

The retailer does not challenge the court's charge to the jury nor does he urge that the jury's finding of negligence against him is unsupported by the evidence.

We cannot agree that the court's instructions limited the issue of the retailer's negligence to a failure to inspect and discover the defect in the lawn mower when it was delivered to him by a wholesaler in the sealed carton in which it had been placed by the manufacturer. While the court did instruct the jury with respect to the retailer's negligent failure to inspect, it also instructed the jury that he was "under the duty to use reasonable care in warning of any dangers which he knew about, or in the exercise of reasonable care should have known about"; that he "had the duty to use reasonable care in assembling whatever assembling he had to do"; and that "the question is whether or not [the retailer] did something that a reasonably prudent person would not have done, or failed to do something that a reasonably prudent person would have done." It is apparent from the general nature of the instructions, when read as a whole, that the jury was clearly permitted to find the retailer negligent with respect to any claimed act or omission established by the evidence.

Although the retailer argues that the evidence established that he fulfilled his duty with respect to assembling and servicing the mower, and that he could not be found negligent for a failure to warn of a defect he did not know about, our review of the record persuades us that the evidence created jury issues with

respect to each of plaintiff's claims of negligence against the retailer.

It has been established by Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 373, 104 N. W. (2d) 843, 848, that a joint tortfeasor may have indemnity to the full extent of a liability "[w]here the one seeking indemnity has incurred liability merely because of failure, even though negligent, to discover or prevent the misconduct of the one sought to be charged." This rule does not apply, however, where the specific acts of negligence of joint tortfeasors are independent and concurrent, in which case either may recover only contribution. Thill v. Modern Erecting Co. 272 Minn. 217, 136 N. W. (2d) 677. Implicit in the jury's answer, in response to a special question, that the retailer was causally negligent is a finding of any negligent act claimed by plaintiff and reasonably supported by the evidence. Since the retailer's negligent acts of failure to adequately warn and to lubricate the idler arm and pulley are independent of, and concurrent with, any breach of duty on the part of the manufacturer, the evidentiary basis needed to compel application of the rule of indemnity established by the Hendrickson case does not exist. It may be noted that where cross-claims for indemnity between multiple tortfeasors are consolidated and tried with plaintiff's claims against such tortfeasors, an appellate court would experience far less difficulty in deciding the type of issue raised on this appeal if the party seeking indemnity had at trial requested the court to include in the special verdict specific questions concerning each claim of negligence.

Affirmed.