George J. PAPAS, Plaintiff,

v.

KOHLER COMPANY, INC., et al., Defendants,

v.

EWING BROTHERS, INC., Third Party Defendants.

Civ. No. 82–0196.

United States District Court, M.D. Pennsylvania.

March 26, 1984.

Kevin E. Osborne, James K. Thomas, II, Harrisburg, Pa., for plaintiff.

Timothy E. Foley, Scranton, Pa., for Kohler Co., Inc.

John M. Humphrey, Ronald Travis, Williamsport, Pa., for Bilger & Sons, Inc., t/d/b/a Oil Heat Service.

John R. Moore, Selinsgrove, Pa., for Ewing Bros., Inc.

## OPINION

MUIR, District Judge.

Defendants Kohler Company (Kohler) and Bilger & Sons, Inc., (Bilger) are, respectively, manufacturer and retailer of a plumbing fitting which the Plaintiffs in this products liability action had alleged was defective. After learning that it was a defendant in this case, Bilger tendered the defense of this suit to Kohler but Kohler declined to undertake Bilger's defense. On January 18, 1984, the Court entered judgment in favor of Kohler and Bilger following trial of the case to a jury. The issue which remains for decision is whether Kohler is liable to Bilger for the attorney's fees and expenses Bilger incurred in its defense of this action. Bilger has filed a motion for summary judgment in which it asserts that it is entitled to "indemnification" in the circumstances of this case as a matter of law.

Pennsylvania law controls the issue presented by Bilger's motion. The general rule in Pennsylvania regarding indemnity is that the right to indemnification inures to a party who, although not himself at fault, becomes legally obligated to pay damages to a plaintiff who has suffered injury caused by a third party. *Burbage v. Boiler Engineering & Supply Company,* 433 Pa. 319, 249 A.2d 563 (1969). We assume for the sake of argument that indemnity principles are applicable to strict products liability cases as well as to negligence

cases. Given this assumption, in a products liability action in which both the manufacturer and the retailer of the product are defendants, if a Court determines that the product was defectively manufactured and judgment is therefore entered against both the manufacturer and the retailer of the product, the retailer is entitled to indemnity from the manufacturer for the amount of the judgment as well as attorney's fees and costs. Thus, Bilger would have been entitled to indemnity from Kohler had Kohler and Bilger both been found liable for manufacture and sale of a defective product.

The principles discussed above do not provide the answer to the question presented in this case. No Pennsylvania case of which we are aware addresses the question of a retailer's right to recover attorney's fees and expenses in a situation where, as here, the Court finds the manufacturer and retailer free from liability in a products liability action. In *Merck and Company v. Knox Glass, Inc.,* 328 F.Supp. 374 (E.D.Pa. 1971), Judge Van Artsdalen determined that, under Pennsylvania law, a retailer would not be entitled to "indemnification" from a manufacturer for attorney's fees and costs incurred in defending a products liability action in which both the manufacturer and retailer were found not liable.

In support of its summary judgment motion, Bilger argues that a Pennsylvania court would adopt the rule adopted by courts in other jurisdictions whereby a retailer who successfully defends a product liability action in which a manufacturer-defendant is also found not liable is entitled to recover attorney's fees and expenses from the manufacturer. *See, e.g., Heritage v. Pioneer Brokerage and Sales, Inc.,* Alaska, 604 P.2d 1059 (1979); *Pender v. Skillcraft Industries, Inc.,* 358 So.2d 45 (Fla.App. 4th District 1978). Bilger does not address the *Merck* case which was cited by Kohler either in its initial brief or in any reply brief.

In its brief in opposition to Bilger's motion, Kohler argues that a Pennsylvania court faced with the issue in this case would decide that Bilger has no right of

recovery against Kohler. Kohler first claims that Bilger would not be entitled to recovery under general principles of Pennsylvania indemnity law because no judgment was entered against Bilger. *See Builders Supply Co. v. McCabe*, 366 Pa. 322, 77 A.2d 368 (1951). Second, Kohler points to the *Merck* case, discussed above, and notes that *Merck* involved facts virtually identical to those involved in this case.

 We agree with Kohler that *Merck* is persuasive authority for the proposition that Bilger is not entitled to recover its attorney's fees and expenses in this case. *See Merck & Co. v. Knox Glass, Inc.*, 328 F.Supp. 374, 377–78 (E.D.Pa.1971). In being forced to incur expenses for attorney's fees and costs in order to defend itself in this lawsuit, Bilger is in a position no different from that of any other defendant forced to vindicate its rights in a lawsuit. Moreover, *Merck* is consistent with general principles of Pennsylvania indemnity law.

We recognize, as the *Merck* court did, that this rule puts a retailer in an unusual position in one respect. Assuming that the manufacturer is not bankrupt or otherwise unable to satisfy a judgment against it, a retailer who sells a *defective* product and becomes a defendant in a lawsuit in which both the manufacturer and retailer are found liable is entitled to full reimbursement for any judgment against it as well as attorney's fees and expenses. In contrast, a retailer who sells a product that is *not defective* but who is sued by the consumer must bear the full cost of defending the suit. In this respect, the retailer who sells a defective product is in a better position than the retailer who sells a non-defective product. Nevertheless, a manufacturer of a non-defective product who is sued in a products liability action should not be forced to pay not only for its own defense but for defense of the retailer as well. *Merck & Co. v. Knox Glass, Inc.*, 328 F.Supp. 374, 378 (E.D.Pa.1971). For this reason and the reasons discussed in the preceding paragraph, we agree with the District Court in *Merck* that Pennsylvania law does not provide Bilger any right to indemnification from Kohler.

Although Kohler has not filed a cross-motion for summary judgment, it seems clear that Kohler is entitled to summary judgment on the indemnification issue. Consequently, the Court will deny Bilger's motion for summary judgment and grant summary judgment in favor of Kohler.

An appropriate order will be entered.