JAMES E. OATES vs. DIAMOND SHAMROCK CORPORATION
& another.

Suffolk. November 18, 1986. — January 29, 1987.

Present: BROWN, CUTTER, & KASS, JJ.

*Indemnity. Notice. Uniform Commercial Code, Notice.*

In a personal injury action against the retailer and the manufacturer of a
chemical product, in which both the retailer and the manufacturer were
absolved of liability, neither *the nature of the relationship between a*
retailer and a manufacturer, nor the retailer's having given written notice
of the action of the manufacturer in accordance with G. L. c. 106,
§ 2-607 (5) (*a*), entitled the retailer to indemnification from the manufac-
turer for the costs incurred in defense of the action. [447-449]

CIVIL ACTION commenced in the Superior Court Department
on April 17, 1979.

The case was tried before *James P. Lynch, Jr.,*J.

*John W. McCann* (*Kathy A. Fokas* with him) for Diamond
Shamrock Corporation.

*Peter M. McElroy* for Lewis Chemical Corporation.

BROWN, J. Diamond Shamrock Corporation (manufacturer),
a chemical manufacturer, has appealed from a judgment of the
Superior Court which allowed recovery on Lewis Chemical
Corporation's (retailer) cross claim for indemnification for the
costs incurred in the defense of a products liability action.[1]
The plaintiff in the underlying action allegedly suffered burn
injuries during the course of his employment while using a
chemical product. The injured employee brought an action
against his employer,[2] the retailer and the manufacturer, alleg-

---

[1] In his decision the trial judge relied principally on a decision of the
Appellate Division of the Municipal Court of the City of Boston. See
Abraham D. Shain *vs.* Dennis Chicken Products Co., November 13, 1964.

[2] The employer, doing business as A.C.'s Hand Car Wash, had no work-
ers' compensation coverage at the time of accident.

ing negligence and breach of warranty in the failure to give an adequate warning of the potential dangers in the use of the chemical product.

The facts are not in dispute. The manufacturer sold unopened bags of the product to the retailer who, in turn, sold the unopened bags to the plaintiff's employer. Upon receipt of the complaint, the retailer notified the manufacturer of the action and called upon it, as vendor, to come in and undertake the defense of the action and to indemnify it against any loss, including the costs of defense and attorney's fees. The manufacturer refused and so notified the retailer.

At trial both the retailer and the manufacturer were absolved of liability. A directed verdict was entered in favor of the retailer and, in response to special questions, the jury, finding that the manufacturer had fulfilled its duty to give adequate warnings, concluded that the latter had been neither negligent nor in breach of warranty.

The retailer contends that it has an implied right to indemnification from the manufacturer, which includes the total costs of its successful defense,[3] despite the fact that the product was not found to be defective. A contractual right to indemnity will be implied when there are "unique special factors demonstrating that the parties intended that the would-be indemnitor bear the ultimate responsibility . . . or when there is a generally recognized special relationship between the parties." *Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Authy.,* 693 F.2d 1, 2-3 (1st Cir. 1982). See *Fireside Motors, Inc. v. Nissan Motor Corp.,* 395 Mass. 366, 375 (1985). See also *Liberty Mut. Ins. Co. v. Westerlind,* 374 Mass. 524, 526-527 (1978); *Decker v. Black & Decker Mfg. Co.,* 389 Mass. 35, 38 (1983). See generally MacNab, Tort-Based and Implied Contractual Indemnity in Massachusetts, 71 Mass.L.Rev. 189 (1986). The retailer maintains that the requirement of a special relationship or unique factors is satisfied by virtue of the nature

---

[3] If there is a right to indemnity and the manufacturer has refused to assume the defense, the retailer-indemnitee may recover the reasonable legal fees and costs incurred in resisting the claim. See *Amoco Oil Co. v. Buckley Heating, Inc.,* 22 Mass. App. Ct. 973 (1986).

of the relationship between a retailer and a manufacturer and by its conduct of properly "vouching in" the manufacturer pursuant to G. L. c. 106, § 2-607 (5) (*a*).

It is true that by giving written notice to the manufacturer the retailer here has properly exercised a buyer's statutory right to vouch in the original seller under G. L. c. 106, § 2-607 (5) (*a*). The statutory provision for vouching in, however, does not provide a basis for implying a seller's duty of indemnification. The retailer, itself, concedes that the act of vouching in is not a method of obtaining indemnity. Vouching in merely binds the would be indemnitor to "any determination of fact common to the" litigation of the underlying action and the prospective action of the indemnitee against the indemnitor. G. L. c. 106, § 2-607 (5) (*a*). See *City Welding & Mfg. Co. v. Gidley-Eschenheimer Corp.*, 16 Mass. App. Ct. 372, 376 (1983). Its purpose is to give issues litigated in the first action conclusive effect in the second action. 3A Frumer & Friedman, Products Liability § 44.5[2] [a] (1985). However, the successful indemnitee must satisfy the threshold question whether the seller is "answerable over" to the buyer. G. L. c. 106, § 2-607(5). See Comment, Voucher to Products Liability: The Mechanics of U.C.C. § 2-607 (5) (*a*), 29 Arkansas L.R. 486, 495-498 (1976).

There is no evidence that the relationship between the parties is a special relationship with the attendant obligation of the manufacturer to indemnify the retailer. See *Decker* v. *Black & Decker Mfg. Co.*, 389 Mass. at 39. See also *Papas* v. *Kohler Co.*, 581 F. Supp. 1272 (M.D. Pa. 1984). Contrast *Heritage* v. *Pioneer Brokerage & Sales, Inc.*, 604 P.2d 1059 (Alaska 1979). Restitution is the basis for indemnity, i.e., the concept that one party is unjustly enriched at the expense of another when the other discharges liability that should be the first party's responsibility to pay. Restatement (Second) of Torts § 886B comment c (1982). Here the manufacturer has not been unjustly enriched at the expense of the retailer because the retailer has not discharged a liability which the manufacturer had the responsibility to pay. Where the manufacturer was absolved of liability, it was not unjustly enriched because the

retailer bore the costs of its own defense. See *United States Fire Ins. Co.* v. *Chrysler Motors Corp.*, 505 P.2d 1137, 1140 (Or. 1972). The retailer is in a position no different from that of any other successful defendant.

The judgment on Lewis Chemical Corporation's cross claim is reversed and a new judgment dismissing that claim is to enter for Diamond Shamrock Corporation.

*So ordered.*