733 P.2d 776

**Paul BORCHARD and Katherine Borchard, husband and wife, Plaintiffs,**

v.

**WEFCO, INC., an Idaho corporation, Defendant-Cross Claimant-Respondent,**

v.

**MONSANTO COMPANY, a foreign corporation, Defendant-Cross Defendant-Appellant.**

**No. 16525.**

Supreme Court of Idaho.

March 2, 1987.

Patrick Durick, Bismark, N.D. (argued), and Robert J. Alexander, Twin Falls, (appeared), for appellant.

Charles R. Clark (argued) and James B. Lynch (appeared), Boise, for respondent.

John Kurtz and Albert P. Barker, Hawley Troxell Ennis & Hawley, Boise, for amicus curiae Motor Vehicle Manufacturers Association of the United States, Inc., and Product Liability Advisory Council, Inc.

HUNTLEY, Justice.

Paul and Katherine Borchard purchased Far-Go, a herbicide manufactured by Monsanto Company, from Wefco, Inc. Wefco acquired the herbicide from Monsanto in a sealed container and sold it in the same sealed container. The herbicide was designed to control wild oats in a field of barley, but its application allegedly failed to achieve its intended effect. The Borchards brought action against Monsanto based upon the theories of strict liability in tort, negligence, and breach of express and implied warranties. They also brought suit against Wefco for breach of express warranties by way of verbal instructions.

Wefco asserted a cross-claim against Monsanto seeking indemnity and its costs and attorney fees. Wefco tendered the defense to Monsanto, which tender Monsanto refused because of the alleged express warranty on the part of Wefco. Wefco twice again tendered the defense to Monsanto.

Discovery resulted in a determination that Wefco had not made any express warranties different from those contained on the product label. With this later-acquired knowledge, Monsanto offered to indemnify

and defend Wefco on March 29, 1983. The offer of indemnification and defense provided that Monsanto would assume Wefco's defense, but Monsanto's liability would be limited to the amount of general damages specified in the complaint. The record contains no reply from Wefco. In September 1983, Monsanto contacted Wefco to determine if Wefco accepted Monsanto's defense agreement, but Wefco did not reply.

In February 1984, the district court dismissed Count I of the plaintiff's complaint, which alleged negligence and strict liability claims. The second count alleging breach of warranty was not dismissed and remains to be tried.

The trial court proceeded to award Wefco its attorney fees against the plaintiff and entered an order requiring Monsanto to indemnify Wefco for its expenses in defending Borchard's claim against Monsanto, and Monsanto brought this interlocutory appeal. The Court of Appeals affirmed the district court's rulings, and this Court granted Monsanto's petition for review.

### I.

The substantive issue before this Court is whether I.C. § [6–1407(1)(2)] 6–1307(1)(2) obligates Monsanto to indemnify Wefco for the costs and attorney fees which Wefco expended in defending itself against the Borchards' claim. Wefco argues that costs and fees may be recovered under the following:

> **[6–1407] 6–1307. Individual rights and responsibilities of product sellers other than manufacturers.**—(1) In the absence of express warranties to the contrary, product sellers other than manufacturers shall not be subject to liability in circumstances where they do not have a reasonable opportunity to inspect the product in a manner which would or should, in the exercise of reasonable care, reveal the existence of the defective condition which is in issue; or where the product seller acquires the product in a sealed package or container and sells the product in the same sealed package or container.
>
> . . . .
>
> (2) In an action where the liability limitation of subsection (1) applies, any manufacturer who refuses to accept a tender of defense from the product seller, shall indemnify the product seller for reasonable attorney's fees and costs incurred by the product seller in defending such action.[1]

A retailer found liable to a third party has a right of indemnity against a manufacturer where the article or product sold was defective because of the manufacturer's culpability. *Ruping v. Great Atlantic and Pacific Tea Co.*, 283 A.D. 204, 126 N.Y.S.2d 687 (1953). Cases involving a retailer's right to indemnity as against a

---

1. Subsection 3 of the statute further provides for indemnification of the manufacturer by the product seller in specific instances:

    [6–1407] 6–1307. Individual rights and responsibilities of product sellers other than manufacturers.—

    . . . .

    (3) In any product liability action, the manufacturer of the product shall be indemnified by the product seller of the product for any judgment rendered against the manufacturer and shall also be reimbursed for reasonable attorney's fees and costs incurred in defending such action:
    (a) If the product seller provided the plans or specifications for the manufacture or preparation of the product;
    (b) If such plans or specifications were a substantial cause of the products's alleged defect; and
    (c) If the product was manufactured in compliance with and according to the plans or specifications of the seller.
    The provisions of this subsection shall not apply if the manufacturer had knowledge or with the exercise of reasonable and diligent care should have had knowledge of the defect in the product.
    (4) A product seller, other than a manufacturer, is also subject to the liability of manufacturer if:
    (a) The manufacturer is not subject to service of process under the laws of the claimant's domicile; or
    (b) The manufacturer has been judicially declared insolvent in that the manufacturer is unable to pay its debts as they become due in the ordinary course of business; or
    (c) The court outside the presence of a jury determines that it is highly probable that the claimant would be unable to enforce a judgment against the product manufacturer.

manufacturer generally present three potential situations. In situation A, both the retailer and the manufacturer are found to be liable to the plaintiff by the trier-of-fact. In situation B, the trier-of-fact finds the retailer free of fault, but the manufacturer is found liable: In situation C, the trier-of-fact finds neither the retailer nor the manufacturer to be at fault.

■ In situation A where the jury finds both the manufacturer and the retailer liable, both must pay for their respective costs of defense. It is a general rule that there can be no indemnity between joint tortfeasors absent a statute similar to Idaho's joint tortfeasors act, I.C. §§ 6–801 through 6–806. *Peak Drilling Co. v. Halliburton Oil Well Cementing Co.*, 215 F.2d 368 (10th Cir.1954). 41 Am.Jur.2d § 20. In *Kenyon v. F.M.C. Corp.*, 286 Minn. 283, 176 N.W.2d 69 (1970), evidence that the retailer was guilty of negligence independent of that of the manufacturer, was the factor which defeated the retailer's claim against the manufacturer for indemnity. That case was decided upon the reasoning that the basis for indemnity is restitution and it would be contrary to that fundamental concept if one person is unjustly enriched at the expense of another by being reimbursed for liability that it has responsibility to pay. Restatement (Second) of Torts, § 886 B, comment c (1977).[2]

Therefore, "where the fault of each [party] is equal in grade and similar in character, the doctrine of implied indemnity is not available since no one should be permitted to base a cause of action on his own wrong. Thus, the determination of whether or not indemnity should be allowed must of necessity depend upon the facts of each case." *Home Ins. Co. v. Atlas Tank Mfg. Co.*, 230 So.2d 549, 551 (Miss.1970).

In situation B (the present or potential configuration of this case) a further issue is raised as to whether the retailer's right to indemnification accrues based upon allegations made in the complaint (whether ultimately proven or not) or whether the right to indemnification depends upon the outcome of the trial, that is, a judgment or verdict that the manufacturer was liable to the plaintiff.

■ In situation B where the manufacturer is found liable by the trier-of-fact, but the retailer is not, the manufacturer should be liable for all of the retailer's attorney fees and defense costs except as to the defense of those allegations which were directed only against the retailer. The retailer must bear its own costs in defending itself against claims which allege that it was at fault, even if the trier-of-fact absolves the retailer of liability. 41 Am. Jur.2d § 25. Therefore, a retailer must be free of liability in order to receive indemnity either under a general indemnity agreement or under implied indemnity. *INA Ins. Co. v. Valley Forge Ins. Co.*, 150 Ariz. 248, 722 P.2d 975, 982 (App.1986). This principle receives ample support in case law. *May Trucking Co. v. International Harvester Co.*, 97 Idaho 319, 543 P.2d 1159 (1975); *Industrial Indem. Co. v. Columbia Basin Steel & Iron, Inc.*, 93 Idaho 719, 471 P.2d 574 (1970); *Prickett v. Hawkeye-Security Ins. Co.*, 282 F.2d 294 (10th Cir. 1960); *Allied Mut. Casualty Corp. v. General Motor Corp.*, 279 F.2d 455 (10th Cir. 1960).

**2.** That comment reads in part:

"The unexpressed premise has been that indemnity should be granted in any factual situation in which, as between the parties themselves, it is just and fair that the indemnitor should bear the total responsibility, rather than to leave it on the indemnitee or to divide it proportionately between the parties by contribution. It is sometimes said that a right to indemnity arises when the indemnitor owes an independent duty to the indemnitee. This may prove to be nothing more than a way of stating the problem (when is the duty owed?), but it

happens to be true in some of the instances stated in Subsection (2), in which the indemnitee would have an action of tort against the indemnitor, irrespective of a right of indemnity. If a manufacturer supplies a defective product to a retailer, who sells it to a customer, who recovers from the retailer for an injury incurred, the retailer may recover in indemnity against the manufacturer or he may maintain an action in negligence or for strict products liability. There are different implications to the two types of action." Restatement (Second) of Torts, § 886 B, comment c (1977).

However, in situation C where both the manufacturer and retailer are found *not* liable, each party must pay their respective share of the costs in defending their respective part of the claim. To fully appreciate this concept, we must return to the principle of indemnity. Indemnity is founded upon the concept of restitution. One party is not to be unjustly enriched at the expense of another party. Restatement (Second) of Torts, § 886 B, comment c (1977). For example, a retailer who bears the cost of defending himself against claims of specific retailer fault has not unjustly enriched the manufacturer by his expenditure of costs and attorney fees. However, if the retailer spends money on costs and attorney fees defending claims for which the manufacturer is liable, the manufacturer has been enriched.

■ However, the retailer is not entitled to an award of attorney fees and costs simply because it has tendered the defense and is absolved of liability when the manufacturer is also absolved of liability. In *Winkler v. Gilmore & Tatge Mfg. Co.*, 334 N.W.2d 837 (N.D.1983), the North Dakota court would not force the manufacturer to indemnify the retailer's attorney fees and costs when the manufacturer had been absolved of liability. The court stated, after reviewing the applicable legislative history, that it appeared "that the intent of § 28–01.1–07, NDCC is to allow indemnity in those cases where only the manufacturer is found liable and the seller is absolved. To hold otherwise would require us to construe § 28–01.1–07 as requiring every manufacturer named in a products liability action to bear the costs of defense, whether or not it is found liable. The rules of statutory interpretation militate against such an 'absurd' result." *Id.* at 841.

There is no indication that the Idaho legislature adopted I.C. § [6–1407(2)] 6–1307(2) with the intention of changing existing principles of indemnity. To be consistent with the principles of indemnity, attorney fees should be apportioned between claims for which the manufacturer is responsible and claims for which only the retailer is responsible.

■ Since there has not yet been a determination of Monsanto's liability or non-liability to plaintiff on the warranty claim in Count II of the Complaint, the order of the trial court awarding indemnity to the retailer may be premature. Until that determination is made, we know not whether we are dealing with "situation B" or "situation C," *supra.*

■ Even in those cases where both the manufacturer and retailer are found not liable to the plaintiff, the retailer may receive indemnification from the manufacturer for attorney fees and costs expended solely in defense of the claims which were directed against the manufacturer. *Piedmont Equipment Co. v. Eberhard Mfg. Co.*, 99 Nev. 523, 665 P.2d 256, 260 (1983); *INA Ins. Co. of North America v. Valley Forge Ins. Co.*, 150 Ariz. 248, 722 P.2d 975, 982–3 (App.1986); and *Farber v. State*, 106 Idaho 677, 682 P.2d 630 (1984).

However, here the affidavit of Wefco's attorney allocates his fees as to before and after certain dates without providing a break-down as between those services rendered in the defense of the claims against Monsanto as distinguished from those services rendered in defending the claim against Wefco. Thus, there is no basis in the record for the specific award of $5,960.10.

## II.

Wefco raised two procedural issues questioning whether Monsanto properly preserved the issue of indemnity for attorney fees for appeal. Those issues have been correctly analyzed and disposed of in the opinion of the Court of Appeals, 111 Idaho 55, 720 P.2d 643 (Ct.App.1986).

Reversed and remanded for further proceedings consistent herewith. Costs to appellant. No attorney fees on appeal.

SHEPARD, C.J., and DONALDSON, BAKES and MCFADDEN, JJ., concur.