■ RONALD LOWE, III, an Infant, by His Father and Natural Guardian, RONALD LOWE, et al., Plaintiffs, v DOLLAR TREE STORES, INC., Also Known as DOLLAR TREE NEW YORK, INC., Defendant and Third-Party Plaintiff-Appellant. MAINKEY TOYS, Third-Party Defendant-Respondent. [835 NYS2d 161]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered July 19, 2006, which, to the extent appealed from, denied defendant Dollar Tree's motion for summary judgment on its third-party claim for common-law indemnification, unanimously reversed, on the law, with costs, and conditional summary judgment granted on said claim.

The infant plaintiff was injured by a toy purchased from Dollar Tree that was supplied to it by third-party defendant Mainkey Toys. In this personal injury action, Dollar Tree sought indemnification from Mainkey and moved for summary judgment.

Dollar Tree's motion should have been granted. The record establishes that Mainkey, a large-scale distributor located in China, sold approximately 300,000 of the toys at issue to Dollar

Tree, and that Mainkey purchased the toys from the manufacturer, a Chinese company. There is no evidence in the record as to any modification of the toy by Dollar Tree, nor does Mainkey specifically assert such modification or that it resulted in the infant's injury. It has been held that, as among the parties to an action, a party/distributor lower in the chain of distribution is entitled to common-law indemnification from the one highest in the chain of distribution, due to the latter's closer, continuing relationship with the manufacturer and superior position to exert pressure to improve the safety of the product (*see Godoy v Abamaster of Miami*, 302 AD2d 57 [2003], *lv dismissed* 100 NY2d 614 [2003]; *Sukljian v Ross & Son Co.*, 69 NY2d 89, 95 [1986]; *see also Promaulayko v Johns Manville Sales Corp.*, 116 NJ 505, 562 A2d 202 [1989]). Such policy shifts risk of loss to the party who can most efficiently control risk and distribute the attendant costs.

The right to indemnification at issue includes the right to recover attorneys' fees, costs and disbursements for defending against plaintiff's action (*see Chapel v Mitchell*, 84 NY2d 345 [1994]); it was not waived, as Mainkey asserts. Finally, conditional summary judgment is appropriate here, notwithstanding the fact that a judgment has yet to be rendered or paid by Dollar Tree in the main action, since it serves the interest of justice and judicial economy in affording the indemnitee "the earliest possible determination as to the extent to which he may expect to be reimbursed" (*McCabe v Queensboro Farm Prods.*, 22 NY2d 204, 208 [1968]; *see also Schwalm v County of Monroe*, 158 AD2d 994 [1990]). Concur—Nardelli, J.P., Williams, Buckley, Catterson and McGuire, JJ.