■ DRK, LLC, et al., Respondents, v THE BURLINGTON INSURANCE COMPANY, Appellant. [905 NYS2d 58]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered August 7, 2009, which, in a declaratory judgment action involving defendant insurer's obligation to defend

and indemnify plaintiffs in an underlying action for personal injury, granted defendant's motion for summary judgment only with respect to the plaintiff that was the underlying plaintiff's employer and also the subtenant of the accident site, and, insofar as appealed from, denied defendant's motion with respect to the remaining plaintiffs, namely, the owner and main tenant of the accident site and the latter's managing member, and order, same court and Judicial Hearing Officer, entered December 22, 2009, which granted plaintiffs' motion for summary judgment in favor of the remaining plaintiffs, unanimously reversed, on the law, without costs, defendant's motion granted in full, plaintiffs' motion denied as academic, and it is declared that defendant has no obligation to defend or indemnify any of the plaintiffs herein in the underlying action. The Clerk is directed to enter a judgment so declaring.

The "Exclusion-Cross Liability" endorsement states that the subject insurance does not apply to any actual or alleged bodily injury to an employee of "any insured." This Court has held that such language unambiguously excludes coverage even where the injured party was an employee of another insured under the policy (see *Tardy v Morgan Guar. Trust Co. of N.Y.*, 213 AD2d 296 [1995]; *Consolidated Edison Co. of N.Y. v United Coastal Ins. Co.*, 216 AD2d 137 [1995], *lv denied* 87 NY2d 808 [1996]). Neither the general "Separation of Insureds" provision contained in the policy, nor the separation of insureds doctrine (see *Greaves v Public Serv. Mut. Ins. Co.*, 5 NY2d 120, 124-125 [1959], explaining *Morgan v Greater N.Y. Taxpayers Mut. Ins. Assn.*, 305 NY 243, 247-248 [1953]), renders this exclusion ambiguous. The separation of insureds provision primarily highlights the named insured's separate rights and duties, as well as makes clear that the limits of the policy are to be shared by all of the insureds, i.e, that they are not each able to exhaust the limits of coverage but must share that limit equally; it does not negate bargained-for exclusions, or otherwise expand, or limit, coverage (see *American Wrecking Corp. v Burlington Ins. Co.*, 400 NJ Super 276, 284, 946 A2d 1084, 1089 [App Div 2008]).

In any event, the cross liability exclusion here clearly states, in bold and capital letters: **"THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY,"** and therefore would modify the separation of insureds provision to the extent the two clauses were in conflict. Plaintiffs' reading of the cross liability exclusion, however, would impermissibly modify it to change "any insured" to "the insured" or to "the insured employer," or other such limiting

language that simply is not in the policy (*see Bretton v Mutual of Omaha Ins. Co.*, 110 AD2d 46, 49 [1985], *affd* 66 NY2d 1020 [1985]; *RM Realty Holdings Corp. v Moore*, 64 AD3d 434, 437 [2009]). Furthermore, the separation of insureds provision is a general provision, while the cross liability exclusion is specific, and therefore the latter would control to the extent there is a conflict (*see Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42, 46-47 [1956]; *see e.g. Greenwich Ins. Co. v Volunteers of Am.-Greater N.Y., Inc.*, 62 AD3d 557 [2009]).

We have examined plaintiffs' remaining arguments and find them to be unavailing. Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Acosta, JJ.