■ 385 THIRD AVENUE ASSOCIATES, L.P., et al., Respondents-Appellants, v METROPOLITAN METALS CORP., Appellant-Respondent, and THE BURLINGTON INSURANCE COMPANY, Respondent. [916 NYS2d 95]—

Order and judgment (one paper), Supreme Court, New York County (Louis B. York, J.), entered July 24, 2009, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment (1) declaring that defendant Burlington Insurance Company is obligated to provide insurance coverage to defendant Metropolitan Metals Corp. in connection with plaintiffs' contractual indemnification claims against Metropolitan arising out of the underlying personal injury action and (2) as to liability on their contractual indemnification claims against Metropolitan, and granted their

motion for summary judgment as to liability on their breach of contract claim against Metropolitan for failure to procure insurance; denied Metropolitan's motion for summary judgment declaring that Burlington is obligated to defend and indemnify it in connection with plaintiffs' contractual indemnification claims against it; and granted Burlington's motion for summary judgment declaring that it has no obligation to defend or indemnify plaintiffs or Metropolitan in connection with the underlying action, and so declared, unanimously modified, on the law, to grant plaintiffs' motion for summary judgment as to liability on their contractual indemnification claims against Metropolitan, and otherwise affirmed, without costs.

The cross liability exclusion in the Burlington policy, set forth in a separate endorsement, unambiguously excludes from coverage any actual or alleged bodily injury to any present, former, future, or prospective employee of any insured. As the injured party was an employee of an insured (Metropolitan) and was working within the scope of his employment at the time of his injury, the cross liability exclusion bars coverage for his injuries (*see DRK, LLC v Burlington Ins. Co.*, 74 AD3d 693, 694-695 [2010]; *Tardy v Morgan Guar. Trust Co. of N.Y.*, 213 AD2d 296 [1995]; *Consolidated Edison Co. of N.Y. v United Coastal Ins. Co.*, 216 AD2d 137 [1995], *lv denied* 87 NY2d 808 [1996]). It is immaterial whether the policy proceeds are sought by way of direct claims by the injured party or by way of plaintiffs' contractual indemnification claims against Metropolitan (*see Guachichulca v Laszlo N. Tauber & Assoc., LLC*, 37 AD3d 760, 762 [2007]).

Contrary to plaintiffs' and Metropolitan's contention, the separate and distinct employer's liability exclusion contained within the insuring agreement does not render the policy ambiguous so as to require that it be construed in the insured's favor (*see Guardian Life Ins. Co. of Am. v Schaefer,* 70 NY2d 888, 890 [1987]; *State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]). "[E]xclusions in policies of insurance must be read *seriatim*, not cumulatively, and if any one exclusion applies there can be no coverage since no one exclusion can be regarded as inconsistent with another" (*Monteleone v Crow Constr. Co.*, 242 AD2d 135, 140-141 [1998], *lv denied* 92 NY2d 818 [1998] [internal quotation marks omitted]). Moreover, the cross liability exclusion is contained in the policy endorsement, which clearly states that it changes the policy.

As to their contractual indemnification claims against Metropolitan, plaintiffs established prima facie that Metropolitan was negligent in connection with the accident and that plaintiffs

were completely free from negligence. The evidence demonstrated that Metropolitan exercised exclusive supervisory control over the injured employee and directed the means and methods of his work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]; *Carino v Webster Place Assoc., LP*, 45 AD3d 351 [2007]; *O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225, 226 [2006], *affd* 7 NY3d 805 [2006]). Metropolitan failed to oppose this aspect of plaintiffs' motion, and the evidence it adduces on appeal merely demonstrates that plaintiffs had general supervisory authority over the project and notice of the allegedly unsafe manner in which the work was being conducted, which is insufficient to withstand summary judgment (*see Comes*, 82 NY2d at 878; *Burkoski v Structure Tone, Inc.*, 40 AD3d 378, 380-382 [2007]; *O'Sullivan*, 28 AD3d at 226-227).

Contrary to Metropolitan's contention, the indemnification provision passes muster under General Obligations Law § 5-322.1 (*see Brooks v Judlau Contr., Inc.*, 11 NY3d 204, 210 [2008]; *Hughey v RHM-88, LLC*, 77 AD3d 520, 523 [2010]).

Plaintiffs made a prima facie showing that, while Metropolitan obtained insurance coverage and had them named as additional insureds, it failed to procure the coverage required by the subcontract that would protect them in the event of a claim made by an injured employee of one of the other named insureds; Metropolitan failed to rebut this showing (*see Lima v NAB Constr. Corp.*, 59 AD3d 395, 397 [2009]). We decline to reach Metropolitan's argument, raised for the first time in reply on appeal, that plaintiffs' damages are limited to their out-of-pocket expenses in obtaining and maintaining a separate policy of insurance. Concur—Gonzalez, P.J., Tom, Andrias, Acosta and Abdus-Salaam, JJ. **[Prior Case History: 2009 NY Slip Op 31619(U).]**