*620 The contract between Little Rest and UAD Group provided that UAD Group would indemnify Little Rest against claims, damages, losses and expenses to the extent caused by the negligence of UAD Group or anyone directly or indirectly employed by it. Little Rest established prima facie that UAD Group was negligent in connection with the accident in which plaintiff, an employee of UAD Group, was injured, and that Little Rest was completely free from negligence. Plaintiff’s testimony, read as a whole, makes clear that only UAD Group personnel ever directed his work and that UAD employees routinely climbed on top of glass skylights, without harnesses, to install glass panels. In opposition, UAD group failed to raise an issue of fact as to how the accident happened. Its contention that plaintiff was arguably negligent in the performance of his work is insufficient to defeat summary judgment, since the contract provided that UAD Group would indemnify Little Rest for losses caused by the negligence of its (UAD Group’s) employees (see e.g. 385 Third Ave. Assoc., L.P. v Metropolitan Metals Corp., 81 AD3d 475, 476-477 [1st Dept 2011], lv denied 17 NY3d 702 [2011]).
UAD Group’s argument that Little Rest is not entitled to contractual indemnification because it has not paid plaintiff any money and therefore has not sustained a loss mistakes the award of summary judgment for the execution of judgment. “[I]t serves the interest of justice and judicial economy [to] afford[ ] the indemnitee the earliest possible determination as to the extent to which [it] may expect to be reimbursed” (Lowe v Dollar Tree Stores, Inc., 40 AD3d 264, 265 [1st Dept 2007], Iv dismissed 9 NY3d 891 [2007] [internal quotation marks omitted]). Concur — Gonzalez, P.J., Moskowitz, Acosta, Freedman and Abdus-Salaam, JJ.