# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**664**
**CA 13-02212**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND DEJOSEPH, JJ.

---

ARTHUR E. BIGELOW, AS ADMINISTRATOR OF THE
ESTATE OF TERRANCE BIGELOW, DECEASED,
PLAINTIFF,

                              V                              MEMORANDUM AND ORDER

GENERAL ELECTRIC COMPANY, ET AL., DEFENDANTS.
------------------------------------------------
GENERAL ELECTRIC COMPANY, THIRD-PARTY
PLAINTIFF-APPELLANT,

                              V

CARRIER CORPORATION, THIRD-PARTY
DEFENDANT-RESPONDENT.

---

GOLDBERG SEGALLA LLP, BUFFALO (JOHN P. FREEDENBERG OF COUNSEL), FOR
THIRD-PARTY PLAINTIFF-APPELLANT.

BURDEN, GULISANO & HICKEY, LLC, BUFFALO (JONATHAN S. HICKEY OF COUNSEL),
FOR THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered February 6, 2013. The order, among other things, denied the motion of third-party plaintiff for summary judgment granting common-law indemnification and granted the cross motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In 2005 plaintiff's decedent was injured in a fire in his mobile home, and he died from those injuries nine days later. The fire originated in the area of an electrical outlet with a window air conditioning unit plugged into it, and an investigation conducted by the Genesee County Sheriff's Office concluded that the cause of the fire was most likely electrical in nature. The subject air conditioning unit was manufactured by third-party defendant, Carrier Corporation (Carrier), and marketed and sold by defendant-third-party plaintiff, General Electric Company (GE), under its brand name. Plaintiff commenced this negligence and strict products liability action against three defendants, including GE, on the theory that the fire was caused by the allegedly defective air conditioning unit. When Carrier refused to provide a defense and indemnification for GE in the main action, GE commenced this third-party

action seeking, inter alia, common-law indemnification from Carrier in the underlying action.

GE thereafter moved for summary judgment granting "common[-]law indemnification for all potential liability which may arise with respect to plaintiff's claims," and sought reimbursement from Carrier for all fees, costs, and expenses incurred by GE in defending the underlying action. Carrier cross-moved for summary judgment dismissing the third-party complaint on the ground that there had been no determination that GE or Carrier was liable for decedent's injuries and, further, that there was no evidence that the subject air conditioning unit was defective. GE also moved for summary judgment dismissing the complaint in the main action, and Carrier joined in that request by way of a cross motion. In a single decision, the court granted GE's motion in the underlying action, concluding that the air conditioning unit was not defective and that the fire was likely caused by a faulty wiring at the outlet and granted Carrier's cross motion to dismiss the third-party complaint, concluding that GE was not entitled to common-law indemnification from Carrier because there was no finding of fault on the part of Carrier.

The issue in this case is whether GE, a downstream retailer, is entitled to recoup its costs in defending a products liability action from Carrier, an upstream manufacturer, when they both are ultimately absolved of liability. We conclude that GE is not entitled to recoupment, and we therefore affirm.

Indemnification is grounded in the equitable principle that the party who has committed a wrong should pay for the consequences of that wrong (see *North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 291; *Oceanic Steam Nav. Co. [Ltd.] v Compania Transatlantica Espanola*, 134 NY 461, 468). Thus, New York courts have consistently held that "common-law indemnification lies only against those who are *actually at fault*" (*Nourse v Fulton County Community Heritage Corp.*, 2 AD3d 1121, 1122 [emphasis added]; *see Colyer v K Mart Corp.*, 273 AD2d 809, 810), i.e., the "*actual wrongdoer*" (*Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.*, 109 AD2d 449, 451 [emphasis added]). In the products liability context, a manufacturer is held accountable as a "wrongdoer" when it releases a defective product into the stream of commerce (*see Rosado v Proctor & Schwartz*, 66 NY2d 21, 25-26), and "innocent" sellers who merely distribute the defective product are entitled to indemnification from the at-fault manufacturer (*see Godoy v Abamaster of Miami*, 302 AD2d 57, 62, *lv dismissed* 100 NY2d 614). That common-law right of indemnification "encompasses the right to recover attorneys' fees, costs, and disbursements incurred in connection with defending the suit brought by the injured party" (*Chapel v Mitchell*, 84 NY2d 345, 347; *see Lowe v Dollar Tree Stores, Inc.*, 40 AD3d 264, 265, *lv dismissed* 9 NY3d 891; *Colyer*, 273 AD2d at 810).

Although there are no state court cases in New York that directly address the issue presented here, we note that federal courts and the vast majority of courts in other states have concluded that, in the absence of fault on the part of the manufacturer for producing a defective product, there is no implied right to indemnification for defense costs assumed

by downstream distributors (*see e.g. Innovation Ventures, LLC v Ultimate One Distrib. Corp.*, ___ F Supp 2d ___, ___ [ED NY]; *Luna v American Airlines*, 769 F Supp 2d 231, 239 [SD NY]; *Papas v Kohler Co., Inc.*, 581 F Supp 1272, 1274 [Pa]; *Merck & Co., Inc. v Knox Glass, Inc.*, 328 F Supp 374, 378 [Pa]; *Clark v Hauck Mfg. Co.*, 910 SW2d 247, 252-253, *overruled on other grounds by Martin v Ohio County Hosp.*, 295 SW3d 104 [Ky]; *Krasny-Kaplan Corp. v Flo-Tork, Inc.*, 66 Ohio St 3d 75, 78-80, 609 NE2d 152, 154-155; *Borchard v WEFCO, Inc.*, 112 Idaho 555, 559, 733 P2d 776, 780; *Greenland v Ford Motor Co., Inc.*, 115 NH 564, 571, 347 A2d 159, 165; *SEMCO Energy, Inc. v Eclipse, Inc.*, 2012 WL 6049655, *6-7 [Mich App]; *Automatic Time & Control Co., Inc. v ifm Electronics*, 410 Pa Super 437, 438-442, 600 A2d 220, 221-223; *Oates v Diamond Shamrock Corp.*, 23 Mass App Ct 446, 448-449, 503 NE2d 58, 59-60, *review denied* 399 Mass 1104). In our view, those cases are persuasive and in accord with New York law on common-law indemnification and sound considerations of public policy.

Where, as here, it is ultimately determined that the subject product is free from defect, there is no "fault" or "wrongdoing" on the part of the manufacturer (*see generally Rosado*, 66 NY2d at 25-26). In that situation, we see no valid basis for shifting the retailer's defense costs onto the manufacturer inasmuch as *both* the retailer *and* the manufacturer are innocent parties. Thus, "the retailer is in a position no different from that of any other defendant forced to defend against spurious claims" (*Hanover Ltd. v Cessna Aircraft Co.*, 758 P2d 443, 448 [Utah App]). We therefore conclude that the " 'general rule [that] attorneys' fees and disbursements are incidents of litigation' " and that each litigant is required to bear its own costs should apply (*Mount Vernon City Sch. Dist. v Nova Cas. Co.*, 19 NY3d 28, 39; *see Papas*, 581 F Supp at 1274; *Oates*, 23 Mass App Ct at 448-449, 503 NE2d at 59-60). To hold otherwise would require manufacturers to "become the insurer of [the] seller's defense costs, irrespective of whether the product was defectively manufactured" (*Merck & Co., Inc.*, 328 F Supp at 378; *see Greenland*, 115 NH at 571, 347 A2d at 165; *Automatic Time & Control Co., Inc.*, 410 Pa Super at 440, 600 A2d at 222). We decline to adopt such a rule.

Entered: August 8, 2014                                  Frances E. Cafarell
                                                         Clerk of the Court