Holness v 421 Kent Dev., LLC

2026 NY Slip Op 02040

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Kemar Holness, et al., Plaintiffs-Respondents,

v

421 Kent Development, LLC, et al., Defendants-Respondents.

421 Kent Development, LLC, et al., Third-Party Plaintiffs-Respondents,

Alabama Iron Works Corp., Third-Party Defendant-Respondent.

421 Kent Development, LLC, et al., Second Third-Party Plaintiffs-Respondents,

Universal Services Group, Ltd., Second Third-Party Defendant-Appellant-Respondent, Creative Environmental Solutions Corp., Second Third-Party Defendant-Respondent.

Universal Services Group, Ltd., Third Third-Party Plaintiff-Appellant-Respondent,

Centrifugal Associates Group, LLC, Third Third-Party Defendant-Respondent. Centrifugal Associates Group, LLC, Fourth Third-Party Plaintiff-Respondent,

J&Z Mechanical Construction Corp., Fifth Third-Party Plaintiff-Respondent,

Metropolis HVAC Contractors, Inc., Fifth Third-Party Defendant-Respondent-Appellant.

Decided and Entered: April 02, 2026

Index No. 152092/16|Appeal No. 6254|Case No. 2025-00719|

Before: Manzanet-Daniels, J.P., Mendez, Pitt-Burke, Higgitt, Hagler, JJ.

McMahon, Martine & Gallagher, LLP, Brooklyn (Eartha Abigail JN. Batiste of counsel), for appellant-respondent.

Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale (Michael T. Reagan of counsel), for respondent-appellant.

Traub Lieberman Straus & Shrewsberry LLP, White Plains (Timothy G. McNamara of counsel), for 421 Kent Development LLC, XIN Development and Wonder Works Construction Corp., respondents.

[*1]

Order, Supreme Court, New York County (Gerard Lebovits, J.), entered on or about January 3, 2025, which to the extent appealed from as limited by the briefs, denied second third-party defendant Universal Services Group, Ltd.'s motion for summary judgment dismissing the second third-party claims as against it for contractual indemnification, common-law indemnification, contribution, and breach of contract for failure to procure insurance, and denied fifth third-party defendant- Metropolis HVAC Contractors, Inc.'s motion for summary judgment dismissing the fifth-party claims as against it for contractual indemnification, common-law indemnification, contribution, and breach of contract for failure to procure insurance, unanimously affirmed, with costs.

Plaintiffs, a welder and an ironworker employed by third-party defendant Alabama Iron Works Corp., alleged that they were injured when they fell from a Baker scaffold. The scaffold allegedly collapsed when one of its wheels broke, causing the leg of the scaffold to break through a surface cover that was used to waterproof around HVAC ductwork, which Metropolis had installed through a roof penetration. The surface cover masked an open gap between a roof slab and the ductwork, so that the gap was not immediately detectible when standing on the roof. Further, the roof penetration, which was created by making cuts in the roof slab, was made by a trade other than Universal, which was the roofing/waterproofing contractor on the construction project.

Supreme Court properly denied Universal's motion. As to the branch of motion for summary judgment dismissing the contractual indemnification claim, the broad contractual indemnification language contained in the roofing/waterproofing subcontractor agreement between Universal and the general contractor provided that Universal would indemnify the general contractor and project owners for any loss arising out of or in connection with Universal's work. The language also provided that Universal would indemnify the general contractor and owners for loss due to an act or omission of Universal's workers, or where Universal's personnel or equipment were in "the vicinity" of the accident by reason of their performance of the work (see Cackett v Gladden Props., LLC, 183 AD3d 419, 422 [1st Dept 2020]). The record presents factual issues as to whether plaintiffs' accident arose out of or in connection with Universal's roofing and waterproofing work, and whether Universal's workers were in the vicinity working on the uncompleted roof at the time of the incident. In addition, the record does not make clear which trade was responsible for applying the surface cover, and whether the surface cover was masked in part by a darker waterproofing material applied over it.

[*2]

Similarly, Supreme Court properly denied the branches of Universal's motion for summary judgment dismissing the second third-party claims for common-law indemnification and contribution. The record is devoid of testimony by a witness with personal knowledge as to which contractor was responsible for the surface cover placed around the rooftop ductwork, nor did Universal provide its work records to substantiate its witness's testimony that it was not working in the area at the time the accident happened and had no part in placing the surface cover. The record also does not eliminate triable issues of fact as to whether Universal fulfilled its contract responsibilities to inspect the roof and ensure that it was properly waterproofed (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]).

In addition, because Universal did not tender its policy or a declarations page that set forth the coverage obtained, it also did not carry its prima facie burden on the branch of its motion for summary judgment dismissing the second third-party breach of contract claim (see Cooper v Bldg. 7th St. LLC, 231 AD3d 533, 534 [1st Dept 2024]).

Moreover, Supreme Court properly denied Metropolis motion. As to the branches of Metropolis' motion for contractual indemnification, common-law indemnification, and contribution, the indemnification provision in Metropolis's HVAC subcontract broadly applied to any and all claims arising from or out of or resulting from the performance of its work, but only to the extent caused by the acts, omissions, or negligence of Metropolis. Under the terms of the HVAC subcontract, at section 19.1, Metropolis agrees that prevention of accident to workmen engaged or in the vicinity of its work was its responsibility; nevertheless, on its motion, Metropolis did not offer documentary evidence regarding the scope of work responsibilities. Nor did it offer admissible proof based on personal knowledge of the ductwork it performed at the location of the accident. Metropolis has also not yet been deposed.

Supreme Court also properly denied the branch of Metropolis' motion to dismiss the cause of action for breach of contract for failure to procure insurance. The insurance documents submitted by Metropolis on its motion do not show its compliance with the contract requirements, which obligate Metropolis to obtain coverage in the aggregate of $5 million per occurrence and to submit specific additional insured endorsement forms (see Garcia v CityMeal-On-Wheels Prop., LLC, 245 AD3d 558, 560 [1st Dept 2026];
385 Third Ave. Assoc., L.P. v Metropolitan Metals Corp., 81 AD3d 475,
477 [1st Dept 2011], lv denied 17 NY3d 702 [2011]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026