NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

AGNES McBENNETT, PETITIONER, v. CITY OF PATERSON, RESPONDENT.

Decided December 18, 1941.

</div>

For the petitioner, *Nathan Rabinowitz.*

For the respondent, *George Surosky.*

\*    \*    \*    \*    \*    \*    \*

An answer was filed by the respondent, the City of Paterson, in which it was admitted that decedent was a fireman

attending a fire at 278-280 Main Streeet, Paterson, New Jersey, on May 3d, 1941, that he collapsed from exhaustion while returning to fire headquarters after the fire.

\*     \*     \*     \*     \*     \*     \*

Testimony was taken with respect to the dependency of the widow, Agnes McBennett, and it was shown that she was part of the same household and dependent upon the decedent for support and that residing with her was her daughter, Agnes McBennett, born of the marriage, and it was shown that the daughter, Agnes McBennett, has been suffering from epilepsy since infancy which condition is of a permanent nature, and she was part of decedent's household and wholly dependent upon him. I also find that she would have continued to remain dependent upon him by reason of the disease from which she suffers, had he continued to live.

The statute, *R. S.* 34:15-13, *subdiv.* (*j*); *N. J. S. A.* 34:15-13, *subdiv.* (*j*), provides that payments to such physically or mentally deficient persons as are for such reason dependent shall continue during the full compensation period of 300 weeks.

It was contended by counsel for petitioner that by reason of the illness of the infant child which she suffers as above stated, that compensation should be computed on the basis of 35% of the wages for a period of 300 weeks payable to the widow and for similar period and rate to be paid to the infant child.

On behalf of respondent it was urged that the statute requires merely the payment of a maximum of 300 weeks' compensation as the full compensation period for both the widow and child calculated on the basis of 40% of the weekly wages of decedent.

I am of the opinion that the statute does not require the payment of compensation for a longer aggregate period of 300 weeks and that *R. S.* 34:15-13, *subdiv.* (*j*); *N. J. S. A.* 34:15-13 *subdiv.* (*j*), merely has the effect of extending the period for the payment of compensation beyond the normal age of sixteen years for infant children in those cases where the child is physically or mentally deficient and dependent for said reason upon the parent.

See *Lazzio* v. *Primo Silk Co.,* 114 *N. J. L.* 450; 177 *Atl. Rep.* 251; *affirmed,* 115 *N. J. L.* 506; 180 *Atl. Rep.* 881.

I find, therefore, that petitioner's decedent, Charles McBennett, died on May 28th, 1941, as a result of an accident which occurred on May 3d, 1941, arising out of and in the course of his employment, leaving him surviving, the petitioner, as widow, and Agnes McBennett, a daughter, aged fifeen years, both members of his household, and the latter suffering from epilepsy, a permanent condition, by reason of which she has been and will, therefore, remain permanently dependent upon decedent for support.

It is, therefore, * * * ordered that judgment final be entered and respondent is to pay compensation for the full compensation period of three hundred (300) weeks at the compensation rate of 40% of the wages aforesaid in the amount of $17.69 per week, beginning with May 28th, 1941.

*     *     *     *     *     *     *

JOHN J. STAHL,
*Deputy Commissioner.*