VIOLA SINGLETON, PETITIONER-RESPONDENT, v. CONSOLIDATED FREIGHTWAYS CORP., RESPONDENT-APPELLANT.

Argued December 19, 1973—Decided March 5, 1974.

358

*Mr. Theodore W. Geiser* argued the cause for appellant (*Messrs. Hughes, McElroy, Connell, Foley & Geiser,* attorneys). *Samuel D. Lord,* of counsel and on the brief.

*Mr. Samuel E. Bass* argued the cause for respondent (*Messrs. Freeman & Bass,* attorneys).

The opinion of the Court was delivered by

COLLESTER, P. J. A. D., Temporarily Assigned. This is an appeal from a judgment awarding dependency benefits in a workmen's compensation heart death case.

Arthur Singleton, an employee of Consolidated Freightways, died of a heart attack on March 4, 1966. His surviving dependents were Viola Singleton, his widow, and Lorraine Singleton, a 10-year old mentally retarded daughter. Petitioner filed a claim petition for dependency benefits under the Workmen's Compensation Act. The Division of Workmen's Compensation found that the decedent's fatal heart attack arose out of and in the course of his employment and entered a judgment awarding the following death benefits: (1) to the widow and minor child concurrently 350 weeks of compensation at $40 per week, a total sum of $14,000, (2) to Lorraine Singleton until she attains the age of 18 years, 25–5/7 weeks of compensation at $40 per week, a total amount of $1,028.57, and (3) to Lorraine Singleton, as a mentally retarded dependent child, an additional 350 weeks of compensation at $40 per week, the payments to commence when she attains the age of 18 years, a total amount of $14,000. Both the County Court and the Appellate Division affirmed in unreported opinions. We granted the respondent-employer's petition for certification. 64 *N. J.* 154 (1973).

The sole issue on this appeal concerns *N. J. S. A.* 34:15–13 which provides for workmen's compensation death benefits. The employer contends that subsection (j) of the statute does not authorize the additional award of 350 weeks of compensation to Lorraine Singleton when she attains the age of 18 years.

*N. J. S. A.* 34:15–13,[1] in parts here pertinent, reads as follows:

Except as hereinafter provided, in case of death, compensation shall be computed, but not distributed, on the following basis:
a. For 1 dependent, 35% of wages.
b. For 2 dependents, 40% of wages.

\*    \*    \*    \*    \*    \*    \*    \*

*Dependents defined.* g. The term "dependents" shall apply to and include any or all of the following who are dependent upon the deceased at the time of the accident or the occurrence of occupational disease, or at the time of death, namely; \* \* \* wife \* \* \* children \* \* \* Dependency shall be conclusively presumed as to the decedent's widow and natural children under 18 years of age who were actually a part of the decedent's household at the time of his death. Every provision of this article applying to one class shall be equally applicable to the other.

\*    \*    \*    \*    \*    \*    \*    \*

*Period of Dependency.* j. In computing compensation to those named in this section, except husband, wife, parents and stepparents, only those under eighteen or over 40 years of age shall be included and then only for that period in which they are under 18 or over 40; *provided, however, that payments to such physically or mentally deficient persons as are for such reason dependent shall be made during the full compensation period of 350 weeks.*

*Maximum and minimum compensation.* k. The maximum compensation in case of death shall be $40.00 per week \* \* \*. This compensation shall be paid during 350 weeks and if at the expiration of 350 weeks there shall be 1 or more dependents under 18 years of age compensation shall be continued for such dependents until they reach 18 years of age at the schedule provided under paragraphs "a" to "f" of this section. (Emphasis added)

The judge of compensation held the statute must be given a liberal construction and that the language of subsection (j) indicated the Legislature intended to provide an additional 350 weeks of compensation for a mentally retarded child. The employer alleges that the compensation judge misinterpreted the statute and contends that the *proviso* in

---

[1] *N. J. S. A.* 34:15–13 was amended by *L.* 1966, *c.* 126, § 2, *p.* 713, and became effective on March 1, 1967 subsequent to the decedent's death. It increased the amount of death benefits but made no other substantial changes.

subsection (j) is merely to assure that death benefits awarded to physically or mentally deficient dependents will not terminate because of the age limitations set forth therein.

The original Workmen's Compensation Act, which was enacted in *L.* 1911, *c.* 95, *p.* 134, contained no dependency provision for mentally deficient children. It awarded dependency benefits to children only during the period in which they were under 16 years of age. However, in *L.* 1913, *c.* 174, § 2, *p.* 306 the act was amended to provide as follows:

> In computing compensation to orphans or other children, only those under eighteen years of age shall be included, and only during the period in which they are under that age, at which time payment on account of such child shall cease; provided, however, that payments to such physically or mentally deficient children as are for such reason dependent shall continue during the full term of compensation payment.

In *L.* 1919, *c.* 93, § 2, *p.* 205 the provision was amended to read substantially as it existed at the time of the decedent's death. It excluded benefits for all dependents (except the husband, wife, parents and stepparents) between the ages of 18 and 40. The provision which required benefits to be continued to a physically or mentally deficient child for the full compensation period was expanded to include all physically or mentally deficient dependents regardless of age. While *N. J. S. A.* 34:15–13 was subsequently amended none of the amendments affected the provision for the award of full compensation to physically or mentally deficient dependents.[2]

The question of whether *N. J. S. A.* 34:15–13(j) permitted an additional award for physically or mentally deficient dependents was dealt with directly in *McBennett v. City of Pa-*

---

[2] *L.* 1928, *c.* 135, § 2, *p.* 286 reduced the cut-off age for children's benefits from 18 to 16 years. *R. S.* 34:15–13(j) (1937) changed the sentence structure but not the substance of subsection (j). *L.* 1945, *c.* 74, § 6, *p.* 389 changed the cut-off age for children's benefits from 16 to 18 years, and revised the sentence structure to conform substantially with *N. J. S. A.* 34:15–13(j).

*terson,* 20 *N. J. Misc.* 33, 23 *A.* 2d 565 (Dept. Labor 1941). In that case the decedent left surviving two dependents, his widow and a minor daughter. The latter suffered from a permanent condition of epilepsy. The petitioner contended that compensation for the full period should be paid to the widow and for a similar period at the same rate to the minor child. Deputy Commissioner Stahl held that *N. J. S. A.* 34: 15–13 did not require the payment of compensation for a longer aggregate period than the full period of compensation and that subsection (j) merely had the effect of extending the period of compensation beyond the normal cut-off age (then 16 years) for infant children in cases where the dependent child was physically or mentally deficient.

In the instant case the petitioner argues that since the Workmen's Compensation Act is remedial social legislation which must be liberally construed, the judge of compensation properly concluded that the Legislature intended to award an additional death benefit of full compensation to a mentally deficient dependent child. However, while liberality of construction of remedial legislation is desirable, we cannot ignore the plain meaning of the language employed by the Legislature. *Wormack v. Howard,* 33 *N. J.* 139, 142 (1960).

There is a presumption against a legislative intention to effect a change in substance of a statute unless the change is expressed in language admitting of no reasonable doubt of its purpose. *Crater v. County of Somerset,* 123 *N. J. L.* 407, 414 (E. & A. 1939). We have carefully reviewed the legislative history of *N. J. S. A.* 34:15–13(j) and find nothing therein which indicates a legislative intent to create an additional separate award of benefits for physically or mentally deficient dependents.

We are satisfied that the plain language of *N. J. S. A.* 34:15–13(j) indicates a legislative intent to establish certain age limitations for dependents entitled to receive death benefits and to provide that payments of such benefits to physically or mentally deficient dependents shall be made for the

full compensation period, regardless of age. We find no legislative intent to permit two awards to the same dependent.

For the reasons heretofore stated, the judgment of the Appellate Division is modified to vacate the award of additional compensation granted to the mentally deficient dependent and the cause is remanded to the Division of Workmen's Compensation for the entry of an appropriate judgment including the necessary redetermination of counsel fees awarded to petitioner's attorneys.

*For modification and remandment*—Acting Chief Justice JACOBS, Justices HALL, SULLIVAN, PASHMAN and CLIFFORD and Judge COLLESTER—6.