187 N.J. Super. 124 (1982)
453 A.2d 919
SPRINGFIELD IMPORTED MOTORS, LTD., A CORPORATION OF THE STATE OF NEW JERSEY
v.
JAGUAR ROVER TRIUMPH, INC. (FORMERLY BRITISH LEYLAND MOTORS, INC.).
Superior Court of New Jersey, Law Division Union County.
Decided October 8, 1982.
*125 Frank A. Pizzi for plaintiff.
Jerald F. Oleske for defendant (Goodman, Stoldt, Breslin & Horan, attorneys).
GRIFFIN, J.S.C.
The issue presented in this case is whether N.J.S.A. 56:10-14, relating to the indemnification by franchisors of their franchisees' attorneys' fees, applies to a franchisee that did not sell the product but was nonetheless sued for breach of warranties, refusal to refund money or make adequate repairs, and conspiracy as a codefendant with the manufacturer and the selling franchisee. The court holds that it does.
In 1976 Town and Country Dodge sold and unsuccessfully serviced a defective Triumph TR-7 automobile manufactured by its franchisor, Jaguar Rover Triumph, Inc. Eventually, the owner, Abilheira, brought the car for repair of the defects to another franchisee, Springfield Imported Motors, Ltd. (Springfield). Since the warranty had run, Jaguar refused to reimburse Springfield. When the owner also refused, Springfield sued Abilheira, who countered with a shotgun suit in May 1978 against the manufacturer, the seller and Springfield for breach of warranties, refusal to refund money or make adequate repairs, and conspiracy.
On July 30, 1980 the court granted Springfield a summary judgment dismissing the owner's claims. Following the final determination of the Abilheira suit against Jaguar and Town and Country Dodge, Springfield brought suit for indemnification *126 of attorney's fees and costs in its defense of the Abilheira suit, pursuant to N.J.S.A. 56:10-14 of the New Jersey Franchise Practices Act, which holds in pertinent part:
All motor vehicle franchisors shall indemnify and hold harmless their motor vehicle franchisees from any and all claims, losses, damages and expenses, including attorneys' fees resulting from or related to complaints, claims or suits against the motor vehicle franchisee by third parties concerning defects or alleged defects in any of the merchandise or service systems, procedures or methods of the motor vehicle franchisors which are sold or performed by the motor vehicle franchisee.
This court recognizes the "generally restrictive nature of an award of counsel fees." Westfield Centre Service Inc. v. Cities Service Oil Co., 172 N.J. Super. 196 at page 202; Bergen Builders v. Horizon Developers, Inc., 44 N.J. 435 (1965). However, prior case law has established that the award of counsel fees provided in the Franchise Practices Act for successful suits is reasonable, not unduly burdensome, and constitutional. Westfield Centre Service, Inc. v. Cities Service Oil Co., 162 N.J. Super. 114 (Ch.Div. 1978), aff'd 172 N.J. Super. 196, 201 (App.Div. 1980), aff'd 86 N.J. 453 (1981). But, "only a successful plaintiff is entitled to fees." 162 N.J. Super. at 125. Since the charges against Springfield made by Abilheira were summarily dismissed, Springfield was successful.
Jaguar argued that Springfield is not entitled to any fees because Jaguar had made "an unconditional offer" to indemnify and assume the defense of Springfield in the Abilheira suit. This argument is unconvincing for two reasons. First, there existed a hopeless conflict of interest between defendants Springfield and Jaguar in the Abilheira suit. Springfield's defense strategy was to disclaim all responsibility for damages claimed and to shift liability to Jaguar and Town and Country Dodge. Under our Disciplinary Rule 5-105(C) an attorney may represent clients with conflicting interests only "if each consents to the representation after full disclosure." If the client who is permitted to waive the conflict, not the attorney. Nothing in N.J.S.A. 56:10-14 indicates that a refusal to waive a conflict *127 would relieve a franchisor from his statutory obligations. A franchisee is entitled to be represented by counsel of its choice. Second, Jaguar specifically refused to reimburse Springfield for legal fees incurred in its defense up to the date of Jaguar's offer. Suit was filed against Springfield by Abilheira in May 1978, and Jaguar's offer to defend was made in December 1978.
Defendant also claimed that the statutory purpose of N.J.S.A. 56:10-14 is to protect only the selling franchisee. Plaintiff countered this argument by claiming that the Abilheira suit arose as a direct result of the franchisor's refusal to honor its obligation to indemnify Springfield for the repairs it had made on the defective automobile. Plaintiff argued that N.J.S.A. 56:10-14 is specifically designed to protect any innocent franchisee from the oversight, neglect and failings of a manufacturer-franchisor. In addition, plaintiff claimed that the statute covers all franchisees who sustain losses as a result of their involvement with a product manifesting a defect directly attributable to the franchisor. Therefore, since Springfield was included in the suit as a direct result of the franchisor's refusal to honor its obligations, the statute does protect the plaintiff. The court agrees.
The language of the statute is clear on its face. The statute provides for indemnification of a franchisee "including attorney's fees" from all claims concerning defects in any merchandise sold or services performed by the franchisee. The purpose is clearly to place liability directly on the franchisor and to protect an innocent franchisee who inadvertently and unknowingly sells defective merchandise. It is only logical to conclude that a totally innocent franchisee, who did not even sell the product but who is nonetheless caught up in a notice pleading complaint solely because he, too, is a franchisee of the manufacturer, must also be protected by this statute.
Our Supreme Court has held that remedial legislation should be liberally construed so as to accomplish the result intended by *128 the legislature and reflected in the context of the statutory scheme as a whole, as long as the interpretation is within the plain meaning of the statutory language. Service Armament v. Hyland, 70 N.J. 550, 559 (1976); Singleton v. Consolidated, 64 N.J. 357, 362 (1974); Martin v. American Appliance, 174 N.J. Super. 382, 384 (Law Div. 1980). Both the plain meaning of this statute and the legislative intent reflect the desire to protect innocent seller franchisees. A liberal construction would unquestionably protect a totally innocent, nonselling franchisee wrongfully sued for a breach of the warranties made at the time of sale. Thus, this court holds that N.J.S.A. 56:10-14 does protect a franchisee who was not the seller of the defective merchandise.
The issue now arises as to precisely what portions of the complaint fall within the franchisee's statutory protection. The statute indemnifies the franchisee only for defects in the merchandise or the service systems, procedures or methods of the franchisor. Had the complaint been properly drawn so as to name the particular defendants involved in each count, the issue involved in this suit would not have arisen. Obviously, the counts for breach of warranties and refusal to refund money or make adequate repairs on the car would be dismissed as to Springfield upon the filing of a simple motion for partial summary judgment since Springfield was not the manufacturer or seller.
However, a charge of conspiracy to delay the repairs, no matter how ill-founded, relates directly to actions by Springfield. Therefore, Springfield would not be entitled to fees for the defense of that count.
Hence, as Springfield would have been dismissed from the case as to every count under which it would have been entitled to counsel fees from Jaguar, the franchisor, after, at most, the filing of an answer and a motion, the counsel fee will be limited to $750.