251 N.J. Super. 5 (1991)
596 A.2d 759
CENTRAL MOTOR PARTS CORPORATION, PLAINTIFF-APPELLANT,
v.
E.I. DUPONT DENEMOURS & COMPANY, INC., AND INMONT CORPORATION, (A/K/A INMONT DIVISION OF BASF CORPORATION), DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 19, 1990.
Decided August 15, 1991.
*8 Before Judges KING, R.S. COHEN and STERN.
Mitchell S. Berman argued the cause for appellant (Eisenstat, Gabage & Berman, attorneys, Mitchell Berman on the brief).
Susan Scott argued the cause for respondent E.I. duPont deNemours & Company, Inc. (Riker, Danzig, Scherer, Hyland & Perretti, attorneys, Susan Scott of counsel, Susan Scott and Pamela P. Warnement on the brief).
Peter R. Freed argued the cause for respondent BASF Corporation, Coating and Inks Division (Smith, Stratton, Wise, Heher & Brennan, attorneys, Peter R. Freed of counsel and Peter R. Freed and Christina W. Strong on the brief).
The opinion of the court was delivered by COHEN, R.S., J.A.D.
The Law Division held that plaintiff was not entitled to indemnification from settling co-defendants in a personal injury action for the amount of its own later settlement with the *9 injured party. The basis of the decision was that the claims that plaintiff, a paint distributor, paid to settle were based on charges of its own independent fault, and not charges of vicarious liability for the fault of the settling co-defendants, the paint manufacturers. The facts and sound reasoning are fully and clearly set forth in the opinion of Judge Philip Carchman, which is found at 251 N.J. Super. 34, 596 A.2d 773 (Law Div. 1989). We affirm on that issue substantially for the reasons set forth in Judge Carchman's opinion.
There was another issue in the case. It was plaintiff's claim for its costs of legal defense in the personal injury action. The Law Division denied relief on the basis that plaintiff did not have a valid claim for indemnification. We disagree in part.
A common-law indemnitee, forced to defend claims for which its liability is only vicarious, is entitled not only to the cost of any judgment or reasonable settlement, but also to costs of defense occasioned by the indemnitor's fault.[1] Such is the case where a retailer or distributor is sued for damages for a defective product which it merely passed through in the chain of commercial distribution to the injured customer.
R. 4:42-9(a) does not bar indemnification for legal defense costs. It is not that one of the rule's exceptions apply. It is that the rule addresses only legal fees for a party who prevails on a cause of action which does not itself include legal fees as damages. The rule does not bar a claim for fees occasioned by the wrongful act of another. It does not purport to deal with substantive damage rights at all. Where one is obliged by another's tort to bring or defend an action, the fees are damages resulting from the tort and are recoverable as such. See Department of Envtl. Protection v. Ventron Corp., 94 N.J. 473, 504-505, 468 A.2d 150 (1983); Penwag Property *10 Co. v. Landau, 76 N.J. 595, 598, 388 A.2d 1265 (1978); Pressler, Current N.J. Court Rules, Comment to R. 4:42-9(a)(8) (1991). Conversely, a seller, like plaintiff, who successfully sues the manufacturer of a defective product for legal defense costs is barred by R. 4:42-9 from recovering the legal fees incurred in prosecuting the claim.
To a blameless indemnitee sued for alleged independent fault by an overcautious or overoptimistic plaintiff, defense costs are frequently the principal risk of loss.
Thus, an indemnitee who defends exclusively against the acts of the indemnitor may recoup from the indemnitor the reasonable costs of its defense. Westfield v. Mayo, 122 Mass. 100 (1897). The picture becomes less clear when a plaintiff alleges that a retailer or distributor entitled to indemnification for selling a defective product is also independently liable for plaintiff's damages as the result of its own conduct. The bare statement of the rule is that an indemnitee who has defended against allegations of its independent fault may not recover its costs. See e.g., Weston v. Globe Slicing Mach. Co., 621 F.2d 344, 349 (9th Cir.1980); Davis v. Air Technical Industries, Inc., 22 Cal.3d 1, 148 Cal. Rptr. 419, 421-422, 582 P.2d 1010, 1012-1013 (1978); Conrad v. Suhr, 274 N.W.2d 571, 578 (N.D. 1979).
The reported cases diverge on the question what it means for a party to defend against allegations of its independent fault, or of breach of its own warranties, and how to determine whether the party has done so. Some decisions suggest that courts should look to the pleadings to find the answer. For instance, the Conrad court said that if the indemnitee had defended itself at all against allegations of its independent fault, it could not collect counsel fees, and the question who the indemnitee was defending could be made on the basis of the pleadings. 274 N.W.2d at 578. In Weston, the court approved of Conrad, and disallowed counsel fees because the indemnitee "was defending itself against allegations of [its] own negligence, as *11 well as against allegations of its own strict liability and breach of warranty." 621 F.2d at 349. In Davis, the retailer defended against allegations of negligence and breach of warranty. The warranty count was dismissed, and the court found that the retailer had not been actively negligent, or negligent at all, but was not entitled to counsel fees because it defended exclusively against allegations of its own fault. Davis, 148 Cal. Rptr. at 420-422, 582 P.2d at 1011-1013. A dissenting opinion clearly expresses the opposing view.
The better decisions, whose principles we hold shall apply in New Jersey, take an after-the-fact approach and permit an indemnitee's recovery of counsel fees "so long as the indemnitee is free from active wrongdoing regarding the injury to the plaintiff and has tendered the defense to the indemnitor at the start of the litigation." Piedmont Equip. Co. v. Eberhard Mfg. Co., 99 Nev. 523, 665 P.2d 256, 258-259 (1983); accord Pender v. Skillcraft Indus., Inc., 358 So.2d 45, 46 (Fla. Dist. Ct. App. 1978); Hanover Ltd. v. Cessna Aircraft Co., 758 P.2d 443, 448 (Utah Ct.App. 1988). Allegations in the pleadings may be a starting point to determine whether counsel fees and costs are recoverable by a retailer or wholesaler, but the actual facts developed during trial should control. See Pender, 358 So.2d at 46; Piedmont, 665 P.2d at 259-260; Hanover, 758 P.2d at 449. Evidence which supports only a finding of passive negligence, breach of implied warranty, or strict liability is insufficient to establish "active wrongdoing." Piedmont, 665 P.2d at 259. Costs incurred by a retailer in defense of its own active negligence or independent warranties are not recoverable, but those costs incurred on defending claims on which the retailer is found only derivatively or vicariously liable are recoverable. Hanover, 758 P.2d at 448; cf. Springfield Imported Motors v. Jaguar Rover Triumph, Inc., 187 N.J. Super. 124, 453 A.2d 919 (Law Div. 1982).
The controversial aspect of the issue is not whether allocation or apportionment is a good idea. Only the Conrad *12 court appeared to dismiss the idea as "unworkable." 274 N.W.2d at 578. We hold that, once it is determined, on the above rules, that an indemnitee has defended against alleged breaches of its own warranties or charges of its independent fault, the indemnitor is not liable for indemnification for those costs. An allocation or apportionment may be required and "the indemnitee may recover only those fees and expenses attributable to the making of defenses which are not primarily directed toward rebutting charges of active negligence." Piedmont, 665 P.2d at 260; accord Borchard v. Wefco, Inc., 112 Idaho 555, 733 P.2d 776, 779-780 (1987); Hanover, 758 P.2d at 449-451. The indemnitee bears the burden of persuasion on the allocation or apportionment. Contra see Hales v. Monroe, 544 F.2d 331, 332 (8th Cir.1976), where the Court of Appeals allowed "an equitable adjustment" of 50% where the distributor and supplier failed to allocate their defense costs.
Two other matters. Absent a contract to the contrary, the manufacturer has to indemnify its downstream seller only if its own conduct toward the injured party was tortious, e.g., if it produced a defective product that caused injury, and thus exposed the seller to liability. If the manufacturer did not produce a defective product, it is not liable for the seller's defense costs, because those costs resulted not from the manufacturer's conduct, but from another person's baseless claim. See Borchard v. Wefco, Inc., supra, 733 P.2d at 780.
The other matter is the proper course in the absence of trial and verdict on the personal injury case. Trial evidence and verdict definitively point the finger of responsibility and determine the grounds. (Appropriate verdict questions in the liability trial can help to decide the indemnification issues. R. 4:39-2.) Without trial, however, or settlement proceedings fixing liability, the court hearing the indemnification claim will have to conduct proceedings in which the indemnitee will have the opportunity to prove (1) that it was the indemnitor's wrongful conduct that occasioned the claim against the indemnitee, (2) that the indemnitee was not independently liable to the injured *13 person, and (3) that the indemnitee incurred legal costs defending its vicarious liabilities, and in what amount.
We recognize that, for the majority of such disputes, our ruling generates an unnecessarily complex and expensive procedure. That is because the majority of disputes will arise between insurance companies who cover a manufacturer one day and a retailer the next. As to such professional riskspreaders, a simple rough rule might better serve, on the thesis that it all evens out in the end. A rough rule, however, would be unfair to the uninsured manufacturer or seller, which might have to shoulder legal costs roughly assigned to it without the opportunity to spread the burden.
Our holding does not, however, oblige the insurance companies to conduct their own affairs by it. Among themselves, they can agree upon simpler and cheaper extra-judicial mechanisms for resolution that will better serve their own needs.
We affirm the judgment in all respects except as relates to defense costs. We remand to permit plaintiff to attempt to prove its entitlement to its defense costs on vicarious liability claims, and for entry of a judgment for indemnification if plaintiff succeeds in making the required showing.
NOTES
[1] As to common law indemnification generally in the chain of product manufacture and distribution, see Promaulayko v. Johns Manville Sales Corp., 116 N.J. 505, 510-514, 562 A.2d 202 (1989).