951 A.2d 208 (2008)
401 N.J. Super. 371
Carlos SERPA, a/k/a Filomon Torres and Maria Elena Crespo, his wife, Plaintiffs,
v.
NEW JERSEY TRANSIT, New Jersey Transit Rail Operations, New Jersey Transit Corporation, State of New Jersey, Defendants.
Quincy Mutual Fire Insurance Company, Plaintiff-Respondent,
v.
Dan-Za General Contractors, Inc., Defendant-Appellant/Cross-Respondent, and
Carlos Serpa, Defendant, and
New Jersey Transit Rail Operations, Defendant-Respondent/Cross-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 13, 2008.
Decided July 11, 2008.
*210 Edward L. Thornton, Edison, and John M. Kearney argued the cause for appellant/cross-respondent (Methfessel & Werbel, and Sellar Richardson, P.C., attorneys; Mr. Kearney, of counsel; Mr. Thornton and Christopher W. Ferraro, on the briefs).
Gary J. Intoccia argued the cause for respondent (McGivney & Kluger P.C., attorneys; Mr. Intoccia, of counsel; Eric M. Gernant II, on the brief).
Jeffrey T. LaRosa, Morristown, argued the cause for respondent/cross-appellant (Schenck, Price, Smith & King, L.L.P., attorneys; Gary F. Werner, of counsel; Mr. LaRosa and Peter A. Marra, on the brief).
Before Judges COBURN, FUENTES and CHAMBERS.
The opinion of the court was delivered by
CHAMBERS, J.A.D.
This lawsuit arises out of a construction accident that took place during renovations of the Newark Broad Street Train Station on property owned by defendant New Jersey Transit. At the time of the accident, plaintiff Carlos Serpa was working within the scope of his employment for third-party defendant Dan-Za General Contractors Inc. ("Dan-Za"), the general contractor for the renovations. Plaintiff sued defendant New Jersey Transit, as well as other parties, for negligence. He brought no direct claim against his employer Dan-Za, but he did receive workers' compensation benefits totaling $900,000 from his employer. New Jersey Transit brought a third-party complaint against Dan-Za that included a claim for express indemnification pursuant to its contract with Dan-Za.
New Jersey Transit eventually settled plaintiff's claim for $1.5 million, and at the time of the settlement, Dan-Za agreed that the sum was reasonable. New Jersey Transit's claim for express indemnification was then submitted to the jury for an allocation of fault. The jury found New Jersey Transit fifteen percent responsible for the happening of the accident, and Dan-Za eighty-five percent responsible for the happening of the accident. Under the terms of the indemnification provision, Dan-Za was responsible only for its own negligence and not that of New Jersey Transit. As a result, the trial court found that Dan-Za was responsible for eighty-five percent of the $1.5 million settlement, plus prejudgment interest. The trial court denied New Jersey Transit's request for attorneys fees.
On appeal, Dan-Za contends that it should receive a credit for the $900,000 paid in workers' compensation benefits. It argues that New Jersey Transit should not have paid the full $1.5 million, but should have deducted $900,000 from the sum it paid plaintiff. It also argues that New Jersey Transit should have paid only fifteen percent of the $1.5 million, since a public entity is responsible only for its own negligence. Dan-Za also disputes the award of prejudgment interest. In its cross-appeal, New Jersey Transit contends that it is entitled to attorneys fees under its contract with Dan-Za.
We affirm the entry of judgment against Dan-Za, since the contract entitled New Jersey Transit to indemnification for Dan-Za's negligence, and Dan-Za's percentage of negligence was correctly applied to the settlement figure. Because New Jersey Transit is a public entity, it had no statutory obligation to reimburse Dan-Za for the *211 workers' compensation benefits paid to plaintiff. See N.J.S.A. 59:9-2(e). We find no abuse of discretion in the award of prejudgment interest. Since the indemnification agreement expressly allowed New Jersey Transit to recover attorneys fees, we reverse the denial of attorneys fees and remand in order that the proper amount of fees, incurred in pursuit of indemnification and after the settlement was made, may be fixed.

I
The facts relevant to this appeal are not in dispute. New Jersey Transit, the owner of the Newark Broad Street Train Station, hired Dan-Za as its general contractor for renovation work to be done at the station. Under the terms of the contract, Dan-Za was responsible for workplace safety. In addition, the contract contained an express indemnification clause requiring Dan-Za to indemnify New Jersey Transit for Dan-Za's negligence.
On November 17, 1997, plaintiff, an employee of Dan-Za, was working on the renovation project when he fell from scaffolding suffering severe injuries. He sued New Jersey Transit among others. He did not file a direct claim against his employer, Dan-Za. He did, however, receive the sum of $900,000 in workers' compensation payments from his employer. New Jersey Transit filed a third-party complaint against Dan-Za, asserting claims for contribution and indemnification.
This case has a complex procedural history which we will not review, but rather we will focus only on those aspects relevant to this appeal. Plaintiff's claims against the other direct defendants had resolved by the time he reached a settlement with New Jersey Transit for $1.5 million. The settlement was placed on the record on October 15, 2003. While the settlement resolved all of plaintiff's claims, the record makes clear that the litigation would proceed on New Jersey Transit's third-party complaint against Dan-Za and on various cross-claims and third-party claims not relevant here. Counsel for Dan-Za agreed to the reasonableness of the settlement, stating on the record at the time of the settlement: "I was asked to agree that the $1.5 million was a reasonable sum under the circumstances without any admission of any liability on anybody's part, and I agree to that. And it was also asked that I agree or stipulate that the injuries occurred as a result of a fall from scaffolding, and I agree with that."
The dispute between New Jersey Transit and Dan-Za eventually went to trial. The sole issue submitted to the jury concerned New Jersey Transit's express indemnification claim against Dan-Za. The jury verdict entered on October 18, 2006, held Dan-Za eighty-five percent responsible for the accident and New Jersey Transit fifteen percent responsible. Under the indemnification agreement, New Jersey Transit was entitled to indemnification for Dan-Za's negligence, but not its own negligence. As a result, the judge molded the verdict and entered a judgment in the amount of $1,426,463.01. This figure was reached by calculating eighty-five percent of the $1.5 million settlement plus prejudgment interest. The trial court denied New Jersey Transit's request for attorneys fees.
On appeal, Dan-Za contends that the trial court should have offset the $900,000 workers' compensation award against the $1.5 million settlement when molding the verdict. Dan-Za also argues that New Jersey Transit paid more than it owed, maintaining that if the case had gone to trial with plaintiff, New Jersey Transit would have been responsible for only fifteen percent of $1.5 million. In addition, Dan-Za contests the award of prejudgment interest, maintaining that the award *212 was inequitable and that it had no contractual obligation to pay prejudgment interest. Dan-Za also asserts that an error occurred because plaintiff obtained a settlement, not a judgment against New Jersey Transit, and a judgment is a prerequisite for contribution under the Joint Tortfeasors Contribution Act.
In its cross-appeal, New Jersey Transit maintains that it is entitled to counsel fees from Dan-Za pursuant to the terms of the indemnification provision in the contract.

II
The arguments raised in Dan-Za's appeal in large part appear to confuse allocation of fault among joint tortfeasors under the comparative negligence and joint tortfeasor contribution laws with an allocation of fault for the purpose of determining the indemnification obligations. We analyze the situation as follows.
At the outset, we recognize that Dan-Za was not sued as a joint tortfeasor and that New Jersey Transit had no right of contribution from Dan-Za. Plaintiff sued New Jersey Transit as a tortfeasor, that is, as a landowner who had been negligent. Plaintiff was precluded from suing its employer Dan-Za for negligence due to the workers' compensation bar of N.J.S.A. 34:15-8. That statute precludes an employee from suing the employer in tort for injuries sustained on the job, unless caused by the employer's intentional wrong. N.J.S.A. 34:15-8. In exchange for this loss of tort rights, the employee receives workers' compensation benefits. See Laidlow v. Hariton Mach. Co., Inc., 170 N.J. 602, 605, 790 A.2d 884 (2002). While employees have the limited ability to sue employers for intentional wrongdoing, see N.J.S.A. 34:15-8 and Laidlow v. Hariton Mach. Co., Inc., supra, 170 N.J. at 605-06, 790 A.2d 884, plaintiff did not do so here.[1] Further, a tortfeasor sued by an employee injured in a work related accident may not seek contribution from the plaintiff's employer for the employer's negligence. Ramos v. Browning Ferris Indus. of S. Jersey, Inc., 103 N.J. 177, 184-85, 510 A.2d 1152 (1986). As a result, New Jersey Transit could not seek contribution from Dan-Za. Since Dan-Za was neither a direct defendant nor a defendant for purposes of contribution, it was not a tortfeasor in this litigation.
Because Dan-Za was not a tortfeasor in the litigation, its argument that New Jersey Transit should not have paid more than fifteen percent of $1.5 million is misplaced. In making this argument, Dan-Za relies on the following statute:
Notwithstanding the provisions of P.L. 1952, c. 335 (C. 2A:53A-1 et seq.), P.L. 1973, c. 146 (C. 2A:15-5.1 et seq.) or any other law to the contrary, in any case where a public entity or public employee acting within the scope of his employment is determined to be a tortfeasor in any cause of action along with one or more other tortfeasors, the public entity or public employee shall be liable for no more than that percentage share of the damages which is equal to the percentage of the negligence attributable to that public entity or public employee and only to the extent authorized by N.J.S. 59:9-2 and N.J.S. 59:9-4.
[N.J.S.A. 59:9-3.1]
The statute thus provides that where there are joint tortfeasors, the public entity is responsible for only the portion of the damages attributable to its share of negligence. As a result, Dan-Za argues that New Jersey Transit was responsible for *213 fifteen percent of $1.5 million. This argument is mistaken. This statute has no application here because, as noted above, Dan-Za was not a joint tortfeasor in the litigation. Therefore, New Jersey Transit's liability to plaintiff could not be reduced by Dan-Za's share of responsibility.

III
The allocation that the jury made in this case between New Jersey Transit and Dan-Za was for the purpose of determining liability under the indemnification agreement; it was not for the purpose of determining liability to plaintiff.
The indemnification provision of the contract between Dan-Za and New Jersey Transit provides:
The Contractor shall defend, indemnify and save harmless the State of New Jersey, NJ Transit . . . and their officers, employees, servants and agents from all suits, actions, or claims of any character including, but not limited to, expenditures and costs of investigations, hiring of witnesses, court costs, counsel fees, settlements, judgments or otherwise, brought because of any injuries or damage received or sustained by any person . . . on account of the operations of said Contractor . . . or on account of or in consequence of any neglect in safeguarding the work as specified in this Contract . . . or because of any act or omission, neglect, or misconduct of said Contractor or his subcontractors in the performance of the work specified in this Contract.
An indemnification agreement will not be construed to provide indemnification to a party for that party's own negligence unless the indemnification clause expressly states that it does. Ramos v. Browning Ferris Indus. of S. Jersey, Inc., supra, 103 N.J. at 191-92, 510 A.2d 1152. The indemnification provision quoted above does not expressly state that Dan-Za must indemnify New Jersey Transit for the latter's negligence. As a result, the trial court correctly held that Dan-Za was only obligated to indemnify New Jersey Transit for Dan-Za's negligence. Dan-Za had no duty to indemnify New Jersey Transit for the latter's negligence.
To ascertain Dan-Za's responsibility under the indemnification clause, an allocation of fault for the accident had to be made between Dan-Za and New Jersey Transit. The jury made that allocation, finding Dan-Za eighty-five percent at fault. As a result, Dan-Za had the obligation to indemnify New Jersey Transit for eighty-five percent of its obligation to plaintiff.
In this case, New Jersey Transit is seeking indemnification for a settlement it reached, rather than for a judgment. A party may be indemnified for settlement payments it makes provided that the following three criteria are met: "(a) the indemnitee's claims are based on a valid, pre-existing indemnitor/indemnitee relationship; (b) the indemnitee faced potential liability for the claims underlying the settlement; and (c) the settlement amount was reasonable." Chem. Bank of N.J. Nat'l Ass'n v. Bailey, 296 N.J.Super. 515, 524-25, 687 A.2d 316 (App.Div.1997) (quoting Central Motor Parts Corp. v. E.I. du-Pont deNemours & Co., 251 N.J.Super. 34, 38, 596 A.2d 773 (Law Div.1989), aff'd in part, rev'd in part, 251 N.J.Super. 5, 596 A.2d 759 (App.Div.1991)), certif. denied, 150 N.J. 28, 695 A.2d 671 (1997). Here all three criteria are met. By contract, Dan-Za had agreed to indemnify New Jersey Transit; New Jersey Transit faced potential liability to plaintiff; and Dan-Za's counsel agreed on the record at the time of the settlement that the $1.5 million was a reasonable sum. As a result, the trial *214 court correctly held that Dan-Za had the obligation to indemnify New Jersey Transit for eighty-five percent of the $1.5 million settlement.

IV
Dan-Za contends that an adjustment must be made for the $900,000 it paid in workers' compensation benefits. Under N.J.S.A. 34:15-40, a third party who is responsible for a worker's injury must reimburse the employer for the workers' compensation payments made due to the injury out of the worker's recovery. Thus, an employer is generally reimbursed for workers' compensation payments from the employee's recovery in a lawsuit arising out of work-related injuries to the extent the recovery, subject to adjustments for attorney fees and costs of suit, is sufficient to cover those payments. N.J.S.A. 34:15-40(b) and (c). The end result is that the tortfeasor pays the damages in full and the employer is reimbursed for workers' compensation payments to the extent the damages are sufficient to do so. However, this statute does not apply to public entities or public employees. See N.J.S.A. 34:15-40(g) (defining "third person" to include corporations, companies, associations, societies, firms, partnerships and joint stock companies as well as individuals.").
A different principle governs public entities and public employees. When a judgment for money damages is entered against a public entity or public employee, the trial court must deduct from the damage award any amounts in the damage award that duplicate benefits plaintiff has received from other sources, other than from joint tortfeasors. N.J.S.A. 59:9-2(e). Thus, the employer obtains no reimbursement for the workers' compensation benefits paid from defendant tortfeasors who are public employees or public entities. Rather, the public entity or public employee receives a credit for the workers' compensation payments. This "`reflects a recognition that profit-making insurance companies are in a better position to withstand losses which they contract for than are the already economically burdened public entities.'" Travelers Ins. Co. v. Collella, 169 N.J.Super. 412, 415, 404 A.2d 1250 (App.Div.1979) (quoting Comment following N.J.S.A. 59:9-2, abstracted from Report of the Attorney General's Task Force on Sovereign Immunity (May 1972)).
Accordingly, Dan-Za is not entitled to reimbursement for the $900,000 in workers' compensation benefits it paid to plaintiff. New Jersey Transit would have been entitled to a deduction from any damage award in that amount if plaintiff's claim had gone to trial. Here, however, plaintiff's claims against New Jersey Transit did not go to trial, but rather a settlement was reached. The statute does not provide for the deduction of workers' compensation payments from a settlement. See N.J.S.A. 59:9-2(e) (providing that if the claimant receives benefits from "insurance or any other source other than a joint tortfeasor," which duplicates the benefits received in the award against the public entity or public employee, then the public entity or public employee is entitled to a deduction from the award to the extent of that duplication). In a settlement, a public entity or public employee cannot reasonably be expected to agree to pay full value for a claim, knowing that if the case goes to trial, it will receive a credit against the damage verdict for the workers' compensation payments. As a result, the workers' compensation payments would be taken into account by the parties when negotiating the settlement and should result in a lower settlement figure. The right of the public entity or public employee to the *215 deduction for the workers' compensation payment from the verdict would be reflected in the settlement amount. In this case, Dan-Za's counsel agreed on the record that the settlement sum was reasonable. Accordingly, we reject Dan-Za's argument that an adjustment must be made for the $900,000 in workers' compensation benefits it paid.
For all of the reasons above, we find that the trial court correctly found Dan-Za responsible for eighty-five percent of the $1.5 million settlement, and it must reimburse New Jersey Transit for that sum. The award of prejudgment interest on that sum fell within the discretion of the trial court, and given the scope of the indemnification agreement and the circumstances here, we find no abuse of that discretion. See Pressler, Current N.J. Court Rules, comment 3.1 on R. 4:42-11 (2008); Bd. of Educ. of Newark v. Levitt, 197 N.J.Super. 239, 244, 484 A.2d 723 (App.Div.1984).

V
In its cross-appeal, New Jersey Transit contends that the trial court erred in denying its application for counsel fees. The indemnification provision quoted above expressly provides that Dan-Za is to hold New Jersey Transit harmless for counsel fees. New Jersey Transit is not entitled to attorneys fees incurred prior to the settlement. See Mantilla v. N.C. Mall Assocs., 167 N.J. 262, 275, 770 A.2d 1144 (2001) (holding that absent explicit contractual language to the contrary, an indemnitee is not allowed to recover from the indemnitor attorneys fees incurred in defending allegations of its own independent fault). However, based on the express language in the indemnification provision allowing counsel fees, New Jersey Transit is entitled to counsel fees for its efforts in enforcing the indemnification provision after it settled with plaintiff on October 15, 2003. We remand so that the trial court can determine a reasonable amount for these services.
We affirm entry of the judgment against Dan-Za, and remand for an allowance of counsel fees to New Jersey Transit in accordance with this opinion.
NOTES
[1] New Jersey Transit voluntarily dismissed its Laidlow contribution claim against Dan-Za prior to trial.