NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3284
_____

SGS U.S. TESTING COMPANY, INC.,
Appellant

v.

TAKATA CORPORATION; TK HOLDINGS, INC.; JOHN DOE COMPANIES
(1–50)
_____

On Appeal from the United States District Court
for the District Court of New Jersey
District Court No. 2-09-cv-06007
District Judge: The Honorable Dennis M. Cavanaugh
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 12, 2013

Before: McKEE, *Chief Judge*, SMITH, and SLOVITER, *Circuit Judges*

(Filed: November 26, 2013)

_____

OPINION
_____

SMITH, *Circuit Judge.*

The appellant, SGS U.S. Testing Company, tests seatbelts and other

products for its clients. Over a seventeen-year period, SGS tested nearly six hundred seatbelts for the appellees, Takata Corporation and its affiliates. Amid allegations that the tests were inadequate and the seatbelts unsafe, SGS and Takata were named as defendants in multiple class actions. None of the actions were successful. Before and after each action, SGS requested indemnification from Takata, and Takata denied all requests. Those denials led to this lawsuit.

SGS sued Takata for contractual indemnification, breach of the duty of good faith and fair dealing, and common-law indemnification. The District Court dismissed the first and second claims for failure to state a claim and granted Takata's motion for summary judgment on the third claim. SGS appeals all three decisions. For the reasons that follow, we will reverse in part and affirm in part.[1]

SGS's first argument is that it has a valid claim for contractual indemnification. We review de novo a District Court's dismissal under Federal Rule of Civil Procedure 12(b)(6), applying the same standard as the District Court. *See Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded

---

[1] The District Court had diversity jurisdiction under 28 U.S.C. § 1332, and we have final-order jurisdiction under 28 U.S.C. § 1291. The parties and the District Court assumed that New Jersey substantive law applies, and we see no reason to assume otherwise. *See Neely v. Club Med Mgmt. Servs.*, 63 F.3d 166, 180 & n.10 (3d Cir. 1995) (en banc) (concluding that "choice of law issues may be waived").

allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." *Id.* (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)).

In exchange for SGS's testing services, Takata agreed to indemnify SGS. Indeed, the parties executed several contracts with various indemnification provisions over the years. New Jersey's indemnification law distinguishes between vicarious-liability and independent-fault cases. *Mantilla v. NC Mall Assocs.*, 770 A.2d 1144, 1149 (N.J. 2001). In *Mantilla*, the Court "adopt[ed] the 'after-the-fact' approach" to determine whether a party has defended against allegations of its independent fault. *Id.* at 1149, 1151 (citing *Cent. Motor Parts Corp. v. E.I. duPont deNemours & Co.*, 596 A.2d 759 (N.J. Super. Ct. App. Div. 1991)). This approach "permits an indemnitee to recover counsel fees if the indemnitee is adjudicated to be free from active wrongdoing regarding the plaintiff's injury, and has tendered the defense to the indemnitor at the start of the litigation." *Id.* at 1151 (citing *Cent. Motor Parts Corp.*, 596 A.2d at 769). This does not mean that an indemnitee is automatically entitled to an award for the costs of defense. Rather, as *Kieffer v. Best Buy*, 14 A.3d 737 (N.J. 2011), demonstrates, when the indemnitee has been adjudged free of any wrongdoing, the ability to recover depends upon the language of the contract. *Id.* at 743-44 & n.6

3

(concluding that adjudication that owner, contractor and subcontractor were not negligent entitled indemnitee owner to indemnification based on expansive language indemnifying it from "any and all" claims, but that indemnitee contractor was not entitled to indemnification for costs of defense since contract with subcontractor required judicial finding of negligence by subcontractor). If application of the after-the-fact approach establishes that an indemnitee "has been found to be at least partially at fault," then the indemnitee "may not recover the costs of its defense from an indemnitor" unless there is explicit language in the indemnity contract. *Mantilla*, 770 A.2d at 1145.

Employing the "after-the-fact" approach here, it is evident that the complaint alleged that SGS, as indemnitee, was adjudicated free of wrongdoing and that it tendered the defense to Takata, the indemnitor, at the outset of the litigation. *See* JA. 442 (¶¶14-24). SGS, therefore, may be entitled to recover its defense costs depending upon the language of the various indemnity contracts. *See Mantilla*, 770 A.2d at 1151, *Kieffer*, 14 A.3d at 743-44. Accordingly, we conclude that the allegations in SGS's complaint were sufficient to state a claim for indemnification under New Jersey law and that the District Court erred by dismissing the claim.

We note, however, that in New Jersey "[an] indemnitee may recover only

those fees and expenses attributable to the making of defenses which are not primarily directed toward rebutting charges of active negligence." *Central Motor Parts Corp.*, 596 A.2d at 762 (quoting *Piedmont Equip. Co. v. Eberhard Mfg. Co.*, 665 P.2d 256, 258-259 (Nev. 1983)). *See also Piedmont*, 665 P.2d at 260 (holding that an indemnitee who was "exonerated of liability at trial" was, nonetheless, only entitled to recover expenses not directed at rebutting charges of active negligence.) In this case, SGS incurred substantial expenses defending its testing methodology. On remand, the District Court will need to consider whether, in light of the language of the indemnification provisions, these expenses should be excluded from any recovery.

SGS's second argument is that it also has a valid claim for breach of the duty of good faith and fair dealing. This duty "is implied in every contract in New Jersey." *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1126 (N.J. 2001). Conduct that is contrary to "community standards of decency, fairness or reasonableness" violates the duty. *Id.* (quoting Restatement (Second) of Contracts § 205 cmt. a (1981)); *see also id.* at 1130 ("Bad motive or intention is essential."). The District Court dismissed this claim because it concluded that SGS did not have a valid "claim for contractual indemnification." JA. 16. As explained, that conclusion was wrong and the claim should not have been dismissed.

SGS's third and final argument is that the District Court improperly granted summary judgment on its common-law indemnification claim. For many of the reasons stated in the District Court's opinion, *see* JA. 41–46, we conclude that summary judgment was proper.

In sum, we will affirm the District Court's order granting summary judgment on SGS's common-law indemnification claim. But we will reverse its order dismissing SGS's claims for contractual indemnification and breach of the duty of good faith and fair dealing, and we will remand for further proceedings.